FILED

2007 NOV 29 A 11: 53

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID F. ERTMAN and<br>JANE E. ERTMAN,<br><br>Plaintiffs,<br><br>v.<br><br>R.J. REYNOLDS TOBACCO COMPANY,<br><br>Defendant. | CIVIL ACTION NO.<br>3:01 CV 1090 (WWE)<br><br><br>November 27, 2007 |

## JOINT STIPULATION AND PROPOSED ORDER
## REGARDING TRANSFER AND USE OF PATHOLOGY SLIDES

WHEREAS, non-party Hospital of Saint Raphael (the "Hospital") is in possession of certain pathology material taken from plaintiff David Ertman; and

WHEREAS, plaintiff David Ertman was treated for cancer in June of 1999 at the Hospital. During this treatment, tissue samples were taken from lymph nodes and preserved by the Hospital in blocks of paraffin wax ("tissue blocks");

WHEREAS, on November 7, 2007, plaintiffs and defendant R.J. Reynolds Tobacco Company (jointly, "the parties") stipulated and agreed on procedures for the Hospital to cut sections, or "recuts," from two tissue blocks, identified as S99-8873B (also known as S99-8873BFS) and S99-8873C, as referenced in the Hospital pathology report regarding David Ertman, dated June 17, 1999. The parties filed their Joint Stipulation and Proposed Order Regarding Preparation Of Pathology Slides (the "stipulation regarding preparation") with the Court on November 8, 2007;

NYI-4044562v1

WHEREAS, this Court so-Ordered the parties' stipulation regarding preparation on November 13, 2007;

WHEREAS, on November 21, 2007, the Hospital notified plaintiffs' counsel that the Hospital created 20 recut slides from each tissue block. According to the Hospital, the recuts identify the tissue block from which they were cut, are numbered sequentially (1-20) and are mounted on slides; and

WHEREAS, the parties now seek to establish agreed procedures for the transfer and possible testing of the pathology slides.

IT IS HEREBY STIPULATED AND AGREED as follows:

1. For each tissue block, the recuts shall be divided equally between the parties: Plaintiffs will receive the odd-numbered recuts or slides (slides 1, 3, 5, 7, 9, 11, 13, 15, 17, and 19) and defendant will receive the even-numbered recuts or slides (slides 2, 4, 6, 8, 10, 12, 14, 16, 18, and 20).

2. The Hospital shall preserve and maintain custody and control of both: (i) any tissue blocks and slides relating to David Ertman in its possession, and (ii) any excess pathology material within the tissue blocks remaining after the 20 recuts were made. Such material shall be maintained by the Hospital in the event it becomes necessary for either party to obtain additional pathology slides for further testing or examination.

3. The parties or their agents will be permitted to collect their set of recut slides from the Hospital. At the time the pathology is collected from the Hospital, each of the parties will complete the appropriate pathology transfer papers. Such transfer papers shall fully identify the recut slides being transferred and the party to whom such recut slides are transferred. A copy of

such transfer papers shall be maintained by the Hospital and made available to any party to this litigation upon request.

4. Each party may, at their or its option, conduct whatever tests or staining on the recuts that they or it deems appropriate, including destructive testing. Whether the results of any testing or staining, including destructive testing, are protected from disclosure to the opposing party by work-product protection shall be governed by the Federal Rules of Civil Procedure and federal law.

5. Plaintiffs and defendant expressly agree that the purpose of the procedures outlined herein for the sharing of pathology is to provide each party slides which are substantially equivalent to the slides received by the opposing party, such that each side has been provided equal access to the available tissue.

6. Nothing contained in this Stipulation shall limit or enlarge Plaintiffs' or defendant's right of access to, and/or use or testing of, any of the tissue blocks or slides which remain in the possession of the Hospital after the slides described in paragraph 1 are distributed.

IT IS SO STIPULATED.

Dated: November 27, 2007

By: _____
MARK R. SEIDEN (ct20612)
Jones Day
222 East 41st Street
New York, New York 10017
(212) 326-3939

Attorney for Defendant
R.J. Reynolds Tobacco Company

Dated: November 28, 2007

By: _____
DAVID S. GOLUB (ct00145)
Silver Golub & Teitell LLP
184 Atlantic Street
Stamford, CT 06904
(203) 325-4491

Attorney for Plaintiffs
David and Jane Ertman

Pursuant to stipulation of the parties,
IT IS SO ORDERED.

Dated: 11/29, 2007

_____
WARREN W. EGINTON
SENIOR U.S. DISTRICT JUDGE

- 4 -

NYI-4044562v1