THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2008 JAN 31  P 4:08
U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| DAVID F. ERTMAN and JANE E. ERTMAN,<br><br>    Plaintiff,<br><br> - against –<br><br>R.J. REYNOLDS TOBACCO COMPANY,<br><br>    Defendant. | CIVIL ACTION NO.<br>3:01 CV 1090 (WWE)<br><br>January 28, 2008 |

### STIPULATION AND [PROPOSED] ORDER

  **WHEREAS,** counsel for defendant R.J. Reynolds Tobacco Company ("Reynolds") has previously advised plaintiffs David F. Ertman and Jane Ertman ("Plaintiffs") counsel that Reynolds intends to file a motion pursuant to Rule 35(a) of the Federal Rules of Civil Procedure, seeking entry of an Order requiring plaintiff David F. Ertman to submit to a mental examination, including an interview;

  **WHEREAS,** Plaintiffs' counsel has indicated previously that Plaintiffs intend to oppose any such motion;

  **WHEREAS,** Plaintiffs have now identified their expert witnesses. One or more of those witnesses has interviewed David F. Ertman regarding his allegation that he was addicted to Salem cigarettes; and

  **WHEREAS,** the parties wish to resolve their dispute regarding Reynolds' right to relief under Rule 35(a) without the need for judicial intervention;

NYI-4057172v1

**NOW THEREFORE, IT IS AGREED THAT,**

1. Prior to March 1, 2008, on a date to be agreed upon by the parties, David F. Ertman will be made available for an interview by Dr. Allen Frances, a mental health professional retained on behalf of Reynolds. The interview is intended to permit Dr. Frances to further evaluate Mr. Ertman's allegation that for many years he was addicted to Salem cigarettes. Subject to Mr. Ertman's physical limitations and cooperation with Dr. Frances during the interview, the interview is expected to last around three (3) hours. Neither parties' counsel, nor any third parties except for Dr. Frances and a court reporter, are permitted to attend or observe the interview, and no audio, visual or other recording or transcription (except to the extent noted in the next paragraph) of the interview are permitted to be made. Dr. Frances shall be permitted to take notes during the interview. Dr. Frances will not administer psychological tests to Mr. Ertman during the permitted interview.

2. To assist Mr. Ertman in understanding Dr. Frances, a court reporter will be present at the interview and Mr. Ertman will be provided with a lap-top with a real time read-out of Dr. Frances' spoken words. The court reporter will not type Mr. Ertman's spoken words. No computer file copies will be retained by the court reporter, Dr. Frances, Mr. Ertman, the parties to this action, their counsel or anyone else, and no transcript will be prepared by the court reporter. The sole purpose of the court reporter's presence is to facilitate Mr. Ertman's ability to interact with Dr. Frances.

3. Plaintiffs' counsel represents that Plaintiffs' retained expert witnesses have not administered or performed any psychological testing on the Plaintiffs, and have no plans or intentions to do so in the future.

NYI-4057172v1

4.  Neither party will submit evidence regarding psychological testing of Plaintiffs in connection with any motion practice or at trial. Counsel for both parties will be forbidden to question any witness, either at deposition or at trial, on any issue relating to psychological testing of Plaintiffs, including the parties' respective decisions not to conduct such testing. Neither party will be permitted to present any argument at trial regarding the other party's decision not to conduct psychological testing of the Plaintiffs.

5.  The provisions of this Stipulation shall not preclude any party from offering into evidence at trial the testimony of, or medical records authored by, treating physicians, psychiatrists, psychologists and any other mental health professionals who provided professional services to Mr. Ertman for the primary purpose of mental health treatment (*i.e.*, not for purposes of this litigation)..

6.  This Stipulation shall not be admissible at trial for any purpose.

IT IS SO STIPULATED.

Dated: January 28 2008

By: _____
MARK R. SEIDEN (ct20612)
Jones Day
222 East 41st Street
New York, New York  10017
(212) 326-3939

-- and --

DAVID THOMAS RYAN
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597
(860) 275-8258

*Attorneys for Defendant*

NYI-4057172v1

R.J. Reynolds Tobacco Company

Dated: January 28, 2008                By: _____
                                       DAVID S. GOLUB (ct00145)
                                       Silver Golub & Teitell LLP
                                       184 Atlantic Street
                                       Stamford, CT 06904
                                       (203) 325-4491

                                       *Attorney for Plaintiffs*
                                       *David F. Ertman and Jane Ertman*

Pursuant to stipulation of the parties,
IT IS SO ORDERED.

Dated: Jan 31, 2008                    _____
                                       Senior U.S.D.J.

NYI-4057172v1