UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

United States District Court
District of Connecticut
FILED AT    BRIDGEPORT
Roberta D. Tabora, Clerk
By 3/20/08
Deputy Clerk

| | |
|---|---|
| DAVID F. ERTMAN AND JANE E. ERTMAN, <br> Plaintiffs, <br> V. <br><br> R.J. REYNOLDS TOBACCO COMPANY, <br> Defendant. | 3:01CV1090 (WWE) <br><br> March 13, 2008 |

## (PROPOSED) PROTECTIVE ORDER

1.  This Protective Order shall govern the use and dissemination of all information, documents or materials that are produced in this action and designated as Confidential or Highly Confidential. This Protective Order is not meant to apply to documents that any Designating Party knowingly and/or intentionally placed in the public domain.

2.  The term "document" or "documents," as used in this Protective Order, shall have the same meaning as contemplated by the Federal Rules of Civil Procedure.

3.  The term "Trade Secret, as used in this Protective Order, is defined to include (a) documents or information not in the public domain that are so proprietary or competitively sensitive that disclosure is likely to cause competitive injury, or (b) matters that constitute or contain trade secrets pursuant to applicable law.

### Confidential Information

4.  Any party to this action or other person or entity, including any third party, who produces or supplies information, documents or materials for use in this action (hereinafter the "Designating Party" or the "Producing Party") may designate as "Confidential" any such information, documents or material that it reasonably and in good faith believes constitutes or contains Trade Secret information, personal information, information protected from disclosure

NYI-4020827v10

by contractual obligations with third-party vendors, or is otherwise protectable under applicable law. The designation "Confidential" shall be made by affixing on the document or material containing such information, and upon each page so designated if practicable, a legend that in substance states: "*[INITIALS OF DESIGNATING PARTY]* - **CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER IN <u>ERTMAN</u> TOBACCO LITIGATION**" or, at the option of the Designating Party, "**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER IN TOBACCO LITIGATION.**"

5. Testimony given and exhibits produced during depositions may be designated Confidential by indicating that fact on the record at the deposition. If a Designating Party has advised the court reporter that Confidential information has been disclosed during a deposition, the court reporter shall include on the cover page the following indication: "**DEPOSITION CONTAINS CONFIDENTIAL INFORMATION OF [NAME OF DESIGNATING PARTY] – SUBJECT TO PROTECTIVE ORDER IN ERTMAN TOBACCO LITIGATION.**" Within fifteen (15) business days of receipt of the initial hard copy of the deposition transcript, the Designating Party shall advise the court reporter and opposing counsel of the specific pages and lines in which Confidential information appears. The court reporter shall supplement the transcript to mark the specific pages and lines designated as confidential and amend the cover page to reflect that these specific designations have been made. Counsel for the opposing party may have immediate access to the deposition transcript, but prior to the page and line designations, shall treat the entire transcript as Confidential, if so designated at the deposition.

6. Material designated as Confidential shall not be disclosed other than as expressly authorized in this Protective Order and may be disclosed only to:

    a.    This Court and its personnel, and any appellate court with jurisdiction over this litigation.

    b.    Outside counsel of record and in-house counsel in this litigation (including staff persons employed by such counsel).

    c.    Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance.

    d.    A deponent, but only during the course of his or her deposition.

    e.    A court reporter and a videographer.

7.    If a party wishes to disclose any material designated as Confidential to any person not described in paragraph 6 of this Order, permission to so disclose must be requested from the Designating Party in writing. If the Designating Party objects to the proposed disclosure, no such disclosure shall be made unless this Court, upon application by the party requesting such permission, orders otherwise.

8.    Prior to obtaining access to Confidential Information, any person to whom Confidential Information may be disclosed pursuant to paragraphs 6 and 7 hereof, except this Court and its personnel, shall first be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment annexed hereto as Exhibit A ("Confidentiality Acknowledgment A"). Counsel for the party obtaining a person's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment, and, if the court so orders, shall provide a copy of the signed acknowledgement to all counsel of record. Counsel for the party obtaining the person's signature on the Confidentiality Acknowledgement will retain the original signed agreement.

9.    Where any Confidential material or information derived from Confidential material is included in any papers filed with the Court, such papers shall be marked **CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER IN <u>ERTMAN</u> TOBACCO**

LITIGATION" or, at the option of the Designating Party, "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER IN TOBACCO LITIGATION" and placed in a sealed envelope marked with the caption of the case, filed and held under seal. The filing party shall take appropriate steps to ensure that any such Confidential information or information derived from Confidential information will be maintained under seal by the Court. Notwithstanding the provisions of paragraph 9, the introduction of and conditions on the use of any Confidential information at trial shall be determined by the Court.

### Highly Confidential Information

10.     Any Designating Party who produces or supplies information, documents or other materials or tangible items generated by it for use in this action may designate as "Highly Confidential" any information, documents or other materials concerning the following: (a) product formulas, specifications, recipes and manufacturing processes; (b) development of new products or technologies currently marketed or to be marketed in the future; (c) marketing plans and methods having current or future applicability; (d) business planning and financial documents having current or future applicability; or (e) other information which constitutes "Trade Secrets" (as defined in Paragraph 3), when any of the above information is so proprietary or competitively sensitive that its disclosure is likely to cause irreparable injury to the Designating Party. The designation "Highly Confidential" shall be made by affixing on the document or material containing such information, and upon each page of a document so designated if practicable, a legend that in substance states: "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER IN <u>ERTMAN</u> TOBACCO LITIGATION" or, at the option of the Designating Party, "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER IN TOBACCO LITIGATION."

NYI-4020827v10

- 4 -

11. Highly Confidential Information shall not be disclosed other than as expressly authorized in this Order and may be disclosed only as follows:

   a. Disclosure may be made to this Court and its personnel. Where any Highly Confidential information or information derived from Highly Confidential information is included in any Court filing, the filing party shall take appropriate steps to ensure that any such Highly Confidential information will be maintained under seal by the Clerk of the Court. The cover page of any such filing shall be marked: "HIGHLY CONFIDENTIAL – DISSEMINATION RESTRICTED BY COURT ORDER," and the filing shall be placed in a sealed envelope marked with the caption of the case, filed and held under seal.

   b. Access to Highly Confidential information shall be limited to Silver Golub & Teitell LLP attorneys, David Golub, Jonathan Levine, Marilyn Ramos and Craig Yankwitt ("Designated Attorneys"). In addition, Martha Jackson, Natasha Gioielli, and Natasha Gold, who are all paralegals and full-time employees of the Designated Attorneys' law firm, Silver Golub & Teitell LLP ("Designated Staff"), may have access to Highly Confidential information. Prior to accessing Highly Confidential information, Designated Attorneys and Designated Staff must execute Confidentiality Acknowledgment A. Designated Attorneys and Designated Staff shall retain the original signed acknowledgment. If at any time, the Designating Party has reason to believe that Highly Confidential information has been disclosed in violation of this Order, it may move this Court to obtain copies of the signed acknowledgments, which motion shall be granted upon good cause shown, and promptly serve a copy of the signed acknowledgement on all counsel of record.

   c. Upon request, the Designating Party will deliver copies of Highly Confidential documents designated by the Designated Attorneys directly into the custody of one of the Designated Attorneys within 20 days after the request is received by the Designating Party. Such Highly Confidential information, including all notes or summaries of such information, shall be maintained within a locked and otherwise secure room at the Designated Attorneys' law offices. Access to the secure room shall be restricted to Designated Attorneys, Designated Staff, and Experts who are authorized in accordance with paragraph 11(d) to have access to Highly Confidential information. No dictation equipment, voice transcribers, cameras, photocopiers, document scanners, facsimile machines, telephones or other devices for facilitating document copying or summarization shall be permitted in the secure room. Computers may be maintained in the secure room, but may not be networked with, or communicate with, any other computer that resides outside the secure room. The computers and any removable media (including floppy diskettes, CD-ROM's or removable hard drives) containing Highly Confidential information must remain in the secure room. Highly Confidential information shall not be removed from the secure room for any purpose, except that Highly Confidential information may be removed from the secure room by a Designated Attorney or Designated Staff for the sole purpose of

reviewing the information in a specific Designated Attorney's office or Designated Staff's office within Silver Golub & Teitell LLP's offices. Highly Confidential information should be immediately returned to the secure room after the Designated Attorney or Designated Staff has completed his or her review. At all times when the Highly Confidential information is outside of the secure room pursuant to the provisions of this paragraph it must be in the exclusive and continuous custody of a Designated Attorney or Designated Staff. At no time during an in-office review may a copy be made of the Highly Confidential information, or the contents of the documents memorialized in any fashion, other than handwritten notes made by the Designated Attorney or Designated Staff. Any handwritten notes made regarding the Highly Confidential information shall be deemed Highly Confidential information and shall be immediately placed in and maintained in the secure room. Each and every time Highly Confidential information is removed from the secure room for review in a Designated Attorney's office or a Designated Staff's office, the Designated Attorney or Designated Staff removing the material shall record in a log the date, time, document number and the name of the Designated Attorney or Designated Staff removing the Highly Confidential information from the secure room. Upon return of the Highly Confidential information to the secure room, similar log entries shall be recorded. If the Designating Party has reasonable grounds to believe that there has been an unauthorized disclosure of Highly Confidential information, the Designating Party shall provide a written request to the Designated Attorneys to review the log, which writing shall set forth the reasonable grounds for the request. Reasonable grounds, as used in Paragraph 11, shall mean information sufficient to form a good faith belief that a Designated Attorney, Designated Staff, and/or authorized Expert has disclosed Highly Confidential information in violation of this Order. Absent a showing that the log is not needed to resolve the Designating Party's reasonable concern that there has been an unauthorized disclosure of Highly Confidential information, Designated Attorneys will make the log available for review within five (5) days of any such request.

d.  Disclosure of Highly Confidential information may be made to Experts who are actively assisting in the preparation and trial of this action. Prior to disclosing any Highly Confidential information to any Expert, Counsel for the party contemplating such disclosure shall determine that:

(1)  (a) disclosure to any Expert of particular Highly Confidential information is, in that counsel's good faith judgment, necessary to that party's prosecution of the case, (b) the Expert is not, and is not believed to intend to become, affiliated with or employed by any entity that, based on reasonable inquiry, the Expert knows to be or intends to be in the tobacco business or knows to be or intends to be in the business of supplying ingredients for use in the manufacture of tobacco products ("Competitor"), (1) where the nature of the Expert's affiliation with or employment by such Competitor would encompass cigarette design or (2) where the nature of the work would relate to the same or similar body of information contained in the Highly Confidential documents and where the Expert's

affiliation with or employment would potentially borrow from, or in any way involve the use of or reference to, Highly Confidential information, and (c) counsel has formed a good faith and informed belief that the individual has not previously violated any confidentiality agreement or order and is not likely to violate the terms of this Protective Order. Further, if in the Designated Attorneys' good faith judgment disclosure to an Expert of Highly Confidential information concerning machinery used in the manufacture of tobacco products is necessary to the prosecution of the case, the Highly Confidential information may only be disclosed to an Expert provided Counsel first determines that the Expert is not, and is not believed to intend to become, affiliated with or employed by any entity that, based on reasonable inquiry, the Expert knows, or intends, to be in the business of manufacturing or supplying machinery used in the manufacture of tobacco products ("Machinery Competitor"), where the nature of the Expert's affiliation with or employment by such Machinery Competitor would potentially relate to the body of information contained in the Highly Confidential documents, and/or the Expert's affiliation with or employment would potentially borrow from, or in any way involve the use of or reference to, Highly Confidential information.

(2) Each such Expert has executed the Confidentiality Acknowledgment annexed hereto as Exhibit B ("Confidentiality Acknowledgment B"). Counsel for the party obtaining an Expert's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment. If the Designating Party has reasonable grounds to believe that there has been an unauthorized disclosure of Highly Confidential information, the Designating Party may provide a written request to the Designated Attorneys to review the Confidentiality Acknowledgment B, which writing shall set forth the reasonable grounds for the request. Absent a showing that the Confidentiality Acknowledgment B is not needed to resolve the Designating Party's reasonable concern that there has been an unauthorized disclosure of Highly Confidential information, Designated Attorneys will make the Confidentiality Acknowledgment B available for review within five (5) days of any such request.

(3) In the event Counsel determines that an Expert needs to review Highly Confidential information concerning machinery used in the manufacture of tobacco products, such Expert shall execute the Confidentiality Acknowledgement annexed hereto as Exhibit C (Confidentiality Acknowledgment C), instead of Confidentiality Acknowledgment B. Counsel for the party obtaining an Expert's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment. If the Designating Party has reasonable grounds to believe that there has been an unauthorized disclosure of Highly Confidential information, the Designating Party may provide a written request to the Designated Attorneys to review the Confidentiality

        Acknowledgment C, which writing shall set forth the reasonable grounds for the request. Absent a showing that the Confidentiality Acknowledgment C is not needed to resolve the Designating Party's reasonable concern that there has been an unauthorized disclosure of Highly Confidential information, Designated Attorneys will make the Confidentiality Acknowledgment C available for review within five (5) days of any such request.

    e.    A Designated Attorney shall, upon granting access to Highly Confidential information to any authorized person outside the Designated Attorney's law firm, maintain a written record of the identity of each such person and the identity of the information to which they have been given access. Each person who executes a Confidentiality Acknowledgment shall also comply with these record-keeping provisions. A copy of this written record shall be produced to any Designating Party if the Court so orders.

    f.    At the request of a Designated Attorney, Reynolds will grant access to Highly Confidential information to an Expert who meets the requirements of Paragraph 11 at any of the United States offices of Jones Day selected by the Designated Attorney. An Expert reviewing Highly Confidential information at a Jones Day office shall comply with all terms of this Order. Any notes made by the Expert during that review shall be bates stamped by the Expert before the notes are removed from the Jones Day office. Jones Day personnel shall provide the Expert with bates stamps and shall observe the Expert placing the bates stamps on the reverse side of the Expert's notes. A list of the bates numbers shall be maintained by Jones Day personnel. The Expert may remove his notes from the Jones Day office, but at no time shall the notes be photocopied, photographed, dictated, scanned, faxed, or summarized or copied in any fashion by any method. At no time shall the notes themselves or the information contained in the notes be disclosed, other than to those persons and entities who are expressly authorized and bound by this Order. The Expert shall maintain the notes in a secure room at his residence or place of business. Access to the secure room shall be restricted to the Expert. No dictation equipment, voice transcribers, cameras, photocopiers, document scanners, facsimile machines, telephones or other devices for facilitating document copying or summarization shall be permitted in the secure room. Computers may be maintained in the secure room, but may not be networked with, or communicate with, any other computer that resides outside the secure room. The computers and any removable media (including floppy diskettes, CD-ROM's or removable hard drives) containing Highly Confidential information must remain in the secure room. The Expert's notes shall not be removed from the secure room for any purpose, except at the conclusion of this action, the Expert shall return all notes to the Designating Party.

12.    A Designating Party may in good faith redact non-responsive and/or non-relevant Highly Confidential Information from any document or material. However, unredacted copies of

NY1-4020827v10

such documents shall be maintained by the Designating Party. Designated Attorneys for a discovering party and, if necessary, Experts qualified under paragraph 11(d) retained by them, may have access to the unredacted versions of the documents at any of the United States offices of Jones Day selected by the Expert, but only for the purpose of ascertaining the appropriateness of any redactions. Upon notice that a Designated Attorney desires such access, the Designating Party will have four (4) business days to provide such access.

13. Without further Order of the Court, a party may use Highly Confidential Information in deposing only (a) current employees of R. J. Reynolds Tobacco Company who have access to the Highly Confidential Information in the course of their employment; (b) former employees of R. J. Reynolds Tobacco Company as it was organized at the time the Highly Confidential Information was created, who had access to the Highly Confidential Information in the course of their employment with R.J. Reynolds Tobacco Company and who have reviewed this Protective Order and executed a copy of Acknowledgment B or C, or (c) an Expert (who shall meet the conditions of paragraph 11(c) and (d)). In such circumstances, at least (4) four days before the deposition, counsel noticing the deposition shall notify counsel for the Designating Party that he or she intends to use Highly Confidential Information at the deposition. Counsel for the Designating Party may object to the proposed disclosure in writing at least two (2) days prior to the deposition. If such objection is made, that portion of the deposition which involved the objected to Highly Confidential Information shall be held in abeyance pending resolution by the Court of the Designating Party's Motion for Protective Order respecting the Highly Confidential Information, which Motion shall be filed within five (5) business days of the Designating Party's objection. If no objection is made to the use of the Highly Confidential Information in the deposition, the Designated Attorneys or Designated Staff may personally

NYI-4020827v10

remove the document or material from the secure room to a nearby copying station and make one copy of the Highly Confidential Information for secure transport to the location of the deposition. The original must be returned to and kept in the secure room and the copy must either be destroyed after the conclusion of the deposition or, if it is made a deposition exhibit, it shall be placed in a sealed envelope that bears a legend in accordance with paragraph 11(a).

      14.    No one may attend or review the transcripts of the portions of any deposition at which Highly Confidential information is shown or discussed, other than the court reporter (who shall first have executed Confidentiality Acknowledgement A), Designated Attorneys, Designated Staff, counsel for the Designating Party, Designated Co-Counsel, the deponent and counsel for the deponent (provided deponent and deponent's counsel have previously executed Confidentiality Acknowledgement A). Designated Attorneys and Designated Staff may review the transcript of a deposition at which Highly Confidential information is shown or discussed so long as the review takes place in the secure room at Silver, Golub & Teitell, or in the Designated Attorney's or Designated Staff's offices at Silver, Golub & Teitell, and otherwise complies with Paragraph 11(b) and 11(c) of this Protective Order. An Expert who is not the deponent but who is authorized under paragraph 11(d) of this Order to review Highly Confidential information, as well as the deponent, may review the transcript of such a deposition pursuant to the terms of this Paragraph. An Expert who is authorized under paragraph 11(d) of this Order to review Highly Confidential information, as well as the deponent, may receive a copy of a transcript of a deposition at which Highly Confidential information is shown or discussed, including the portions that relate to Highly Confidential information, at the Expert's or deponent's residence or place of business, provided that the Expert or deponent reviews the deposition transcript only in a secure room at his or her residence or place of business. The Expert or deponent shall maintain

and secure the deposition transcript in the secure room. The Expert or deponent shall not photocopy, photograph, fax, scan, summarize, or duplicate the deposition transcript in any fashion by any method and shall otherwise comply with the provisions of this Protective Order with regard to the disclosure of any Highly Confidential information contained in any deposition transcript. Access to the secure room shall be restricted to the Expert or deponent. No dictation equipment, voice transcribers, cameras, photocopiers, document scanners, facsimile machines, telephones or other devices for facilitating document copying or summarization shall be permitted in the secure room. Computers may be maintained in the secure room, but may not be networked with, or communicate with, any other computer that resides outside the secure room. The deposition transcript shall not be removed from the secure room for any purpose, except that at the conclusion of the Expert's or deponent's review of the deposition transcript, the Expert or deponent shall immediately return the deposition transcript to the Designated Attorneys. The Designated Attorneys shall make a log that lists (1) the name and address of each Expert or deponent who receives a transcript of a deposition at which Highly Confidential information is shown or discussed, (2) the title of the deposition, (3) the date the Expert or deponent received such deposition transcript, and (4) the date the Expert or deponent returned such deposition transcript. At the conclusion of this action, the Designated Attorneys must certify, in accordance with Paragraph 27 of this Protective Order, that all copies of transcripts of depositions at which Highly Confidential information was shown or discussed have been destroyed.

15. Testimony given and exhibits produced during depositions may be designated Highly Confidential by indicating that fact on the record at the deposition. If a Designating Party has advised the court reporter that Highly Confidential information has been disclosed during a deposition, the court reporter shall include on the cover page the following indication:

"DEPOSITION CONTAINS HIGHLY CONFIDENTIAL INFORMATION OF [NAME OF DESIGNATING PARTY] – SUBJECT TO PROTECTIVE ORDER IN <u>ERTMAN</u> TOBACCO LITIGATION." Within fifteen (15) business days of receipt of the initial deposition transcript, the Designating Party shall advise the court reporter and opposing counsel of the specific pages and lines in which Highly Confidential information appears. The court reporter shall supplement the transcript to mark the specific pages and lines designated as Highly Confidential and amend the cover page to reflect that these specific designations have been made. Designated Attorneys and Designated Staff may have immediate access to the deposition transcripts by reviewing such transcripts in the secure room, or in one of the Designated Attorney's offices or Designated Staff's offices, provided the Designated Attorney and Designated Staff complies with the obligations set forth in paragraph 11(c). Prior to receipt of the page and line designations, Designated Attorneys and Designated Staff shall treat the entire transcript as Highly Confidential information, if so designated at the deposition.

16. Any presentation of Highly Confidential Information to the Court prior to the trial shall be made in the presence of only those persons authorized to have access to such information under this Protective Order.

### General Provisions

17. Except to the extent expressly authorized in this Protective Order, neither Confidential Information nor Highly Confidential Information shall be used or disclosed for any purpose other than the preparation and trial of this case and/or appeal therefrom, subject to the provisions of paragraph 25.

18. Any notes, summary, compilation or copy containing Confidential Information or Highly Confidential Information or electronic image or database containing Confidential Information shall be subject to the terms of this Protective Order to the same extent as the

material or information from which such notes, summary, compilation, copy, electronic image or database is made or derived.

19. No document produced in this case shall be assigned a more restrictive confidentiality designation than it was assigned by the Defendant in any other case in which Defendant produced the document except in the event that it is discovered that a document was misdesignated in another case. Defendant will make a good faith effort to notify Plaintiff of decisions issued by other courts that order a less restrictive confidentiality designation for any document Plaintiff lists or uses as an exhibit in this litigation.

20. Any party may, at any time after production of material designated under this Order, object to its designation by notifying the Designating Party in writing of that objection and specifying the designated material to which the objection is made. The parties shall, within fifteen (15) days of service of the written objections, confer concerning the objection. If the objection is not resolved, the Designating Party shall, within fifteen (15) days of the conference, file and serve a noticed motion to resolve the dispute over the designation of the material and shall bear the burden of proof on the issue. If no such motion is filed within the stated time period, the material will be redesignated as appropriate. If a motion is filed, information subject to dispute shall, until further order of the Court, be treated consistently with its designation. With respect to any material which is redesignated or ceases to be subject to the protection of this Order, the Designating Party shall, at its expense, provide to each party which so requests additional copies thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the redesignation or removed as appropriate.

21. Inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is

NY1-4020827v10

asserted within fifteen (15) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the return to the Designating Party of all copies of the inadvertently misdesignated documents and for the substitution, where appropriate, of properly labeled copies. If such discovery is made more than thirty (30) days after disclosure, the Designating Party may request relief from the Court. In the case of inadvertently produced privileged and/or work product documents, upon request of the Producing Party, the documents together with all copies thereof and any notes made therefrom shall be returned immediately to the party claiming privilege and/or work product immunity. Defendant does not waive any claim of privilege or work product for any documents or materials as to which Defendant in any other action or proceeding presently asserts a claim of privilege or work product in any jurisdiction or proceeding.

22. Nothing in this Protective Order shall be deemed to restrict in any manner the use by any Designating Party of any information in its own documents and materials.

23. If counsel for any party receives notice of any subpoena or other compulsory process commanding production of Confidential Information or Highly Confidential Information that a party has obtained under the terms of this Protective Order, such party shall, if there are fewer than ten (10) days to comply, within two (2), or if more than ten (10) days, at least seven (7) business days prior to the due date of compliance, notify the Designating Party of the pendency of the subpoena or order in writing, and shall not produce the Confidential or Highly Confidential Information until the Designating Party has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance, and to give the Designating Party an opportunity to obtain such relief, the party from whom the information is sought shall

not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

24. This Protective Order shall not prevent any of the parties from moving this Court for an order that Confidential Information or Highly Confidential Information may be disclosed other than in accordance with this Order. This Protective Order is without prejudice to the right of any party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended or rescinded by the Court. This Protective Order does not affect any party's rights to object to discovery on any grounds other than an objection based solely on the ground that the information sought is confidential in nature.

25. This Protective Order is not intended to govern the use of Confidential Information or Highly Confidential Information at any trial of this action. Questions of the protection of Confidential Information or Highly Confidential Information during trial will be presented to the Court prior to or during trial as each party deems appropriate.

26. This Court shall have continuing jurisdiction to modify, enforce, interpret or rescind this Protective Order, notwithstanding the termination of this action.

27. Within sixty (60) days after the conclusion of this action or the conclusion of the *Barbara Izzarelli v. R.J. Reynolds Tobacco Company* action, whichever occurs later, including the exhaustion of all appeals, counsel for the Designated Party shall destroy all Confidential or Highly Confidential information produced in this litigation (other than exhibits at the official court of record). In addition, counsel for the Designated Party shall destroy all documents or materials that contain both Confidential or Highly Confidential information of a Designating Party and the work product of the party in possession of the documents or materials within the same time frame. Counsel for either party or third party receiving Confidential or Highly

Confidential information shall make written certification of compliance with this provision and shall deliver the same to counsel for each Designating Party within one hundred twenty (120) days after the conclusion of this action.

Dated: March 13, 2008

Respectfully submitted,

By: _____
Mark R. Seiden (ct20612)
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Mark A. Belasic (phv0165)
Amanda S. Jacobs (phv01922)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Counsel for Defendant
R.J. REYNOLDS TOBACCO COMPANY

Dated: March 13, 2008

By: _____
David S. Golub (ct00145)
Marilyn J. Ramos (ct11433)
SILVER GOLUB & TEITELL LLP
184 Atlantic Street
P.O. Box 389
Stamford, CT 06904
Telephone: (203) 325-4491
Facimile: (203) 325-3769

Counsel for Plaintiffs
DAVID ERTMAN AND JANE ERTMAN

**IT IS SO ORDERED:**

Dated: 3/20/08 , 2008

_____
Hon. Warren W. Eginton
United States District Judge