UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID F. ERTMAN and JANE E. ERTMAN,<br><br>Plaintiffs,<br><br>- versus -<br><br>R. J. REYNOLDS TOBACCO COMPANY,<br><br>Defendant. | 3:01 CV 1090 (WWE)<br><br><br><br>JUNE 9, 2008 |

### DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S
### MOTION TO COMPEL PRODUCTION OF PATHOLOGY MATERIAL CONSIDERED
### BY PLAINTIFFS' EXPERT, DR. ALLAN FEINGOLD, OR ALTERNATIVELY,
### TO PRECLUDE DR. FEINGOLD'S PATHOLOGY TESTIMONY

Pursuant to Rules 26(a)(2)(B) and 37(a) of the Federal Rules of Civil Procedure, defendant R.J. Reynolds Tobacco Company ("Reynolds") respectfully moves this Court for an Order requiring plaintiffs and their testifying expert, Dr. Allan Feingold, to immediately produce all pathology material that Dr. Feingold has considered for his opinions in this case, or alternatively, to preclude Dr. Feingold from testifying about any pathology and/or pathology testing. In addition, Reynolds seeks its attorneys' fees associated with this Motion pursuant to Rule 37(a).

In September 2007, plaintiffs designated Dr. Feingold, a pulmonologist, as a testifying expert witness, whose opinion is that Mr. Ertman had small cell lung cancer that was caused by his cigarette smoking. Months later, on the eve of his deposition in March 2008, Dr. Feingold issued a supplemental expert report that disclosed that he had recently reviewed, tested, and relied upon certain pathology tissue that had been removed from Mr. Ertman by biopsy.

Reynolds—surprised to receive this supplemental expert report not only because of its timing (on the eve of Dr. Feingold's deposition, months after Dr. Feingold's original expert report was served and months after plaintiffs had received the pathology material), but because Dr. Feingold is a pulmonologist and *not* a pathologist—promptly asked plaintiffs to produce this pathology material for its review and copying in advance of Dr. Feingold's re-scheduled deposition. Despite (1) offering to fly to Miami, where Dr. Feingold practices, to review and scan (*i.e.,* copy) the pathology, (2) agreeing to permit plaintiffs' counsel and Dr. Feingold to be present during the examination, (3) agreeing to disclose the name of Reynolds' consultant/expert who would be conducting Reynolds' exam and scanning, *and* (4) even offering to pay for plaintiffs' counsel's reasonable travel expenses to Miami, plaintiffs and Dr. Feingold have refused to release the pathology from their possession or produce it in advance of Dr. Feingold's deposition.

Under Rule 26(a)(2)(B), a testifying expert witness must produce all material that he has considered for his opinions. Dr. Feingold's supplemental expert report makes it clear that he considered, relied upon, and intends to testify about this pathology material and the testing that was conducted on it. Thus, he must produce it under the Rules. Reynolds has a right to review and scrutinize Dr. Feingold's pathology to determine if his pathology shows what Dr. Feingold says it shows, and to determine if it agrees with Dr. Feingold's conclusions relative to that pathology.

Moreover, in order to adequately prepare, Reynolds and its consultants/experts must be able to examine and scan the pathology sufficiently in advance of Dr. Feingold's deposition. Only then will Reynolds' counsel (1) be able to educate himself (with the assistance of Reynolds' experts/consultants) on the complicated scientific issues presented by Dr. Feingold's

- 3 -

pathology slides, and (2) be able to create necessary deposition and trial exhibits of Dr. Feingold's pathology slides and memorialize his testimony on the same.

In the alternative, Reynolds respectfully requests that Dr. Feingold be precluded from testifying about any pathology and/or pathology testing.

In support of this Motion, Reynolds submits the June 9, 2008 Declaration of its counsel, Mark R. Seiden, Esq., the exhibits thereto, as well as the accompanying Memorandum of Law.

Wherefore, Reynolds respectfully requests this Motion to be granted in its entirety.

Dated: June 9, 2008
      New York, New York

Respectfully submitted,

Attorneys for Defendant
R.J. Reynolds Tobacco Company


 /s/  Mark R. Seiden
Mark R. Seiden (ct20612)
mrseiden@jonesday.com
JONES DAY
222 East 41st Street
New York, NY  10017
(212) 326-3939
(212) 755-7306 (facsimile)

--and--

Mark A. Belasic
mabelasic@jonesday.com
Amanda S. Jacobs
asjacobs@jonesday.com
JONES DAY
901 Lakeside Avenue
Northpoint
Cleveland, OH  44114
(216) 586-3939
(216) 579-0212 (facsimile)

                                                      David T. Ryan, Esq. (ct05713)  
                                                      dryan@rc.com  
                                                      ROBINSON & COLE, LLP  
                                                      One Commonwealth Plaza  
                                                      280 Trumbull Street  
                                                      Hartford, CT 06103  
                                                      (860) 275-8200

- 5 -

## CERTIFICATION

      I hereby certify that on June 9, 2008, a copy of the foregoing Defendant R.J. Reynolds Tobacco Company's Motion To Compel Production Of Pathology Material Considered By Plaintiffs' Expert, Dr. Allan Feingold, Or Alternatively, To Preclude Dr. Feingold's Pathology Testimony, was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

      /s/ Amanda S. Jacobs
      AMANDA S. JACOBS (ct01922)

CLI-1622489v1