UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| DAVID F. ERTMAN AND<br>JANE E. ERTMAN, | :<br>: |
| Plaintiffs, | :<br>: |
| v. | : CIVIL ACTION NO.<br>: 3:01 CV 1090 (WWE) |
| R.J. REYNOLDS TOBACCO COMPANY, | :<br>: |
|  | : MAY 1, 2008 |
| Defendant. | : |

---

## DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S RESPONSES TO PLAINTIFFS' REQUESTS TO ADMIT

Defendant R.J. Reynolds Tobacco Company ("Reynolds"), through counsel, hereby responds to Plaintiffs David and Jane Ertman's Requests To Admit:

**REQUEST TO ADMIT NO. 1:** There is pathological evidence of metastatic small cell cancer in lymph node tissue taken from David Ertman during his inpatient stay at Hospital of Saint Raphael's, which tissue is referenced in the Hospital pathology report dated June 17, 1999 (hereafter "lymph node tissue").

**RESPONSE:** Objection. This Request is untimely. Under the Court's scheduling order, the deadline for written fact discovery was September 20, 2007—more than half a year ago. Plaintiffs did not seek leave of Court to serve these Requests out of time and thus have no authority to serve them. Reynolds has no obligation to respond to improper discovery. The only discovery that remains to be conducted in this case are depositions and discovery of certain previously-noticed 30(b)(6) witnesses, treating physicians, expert witnesses and expert materials.

CLI-1612418v1

In addition, Reynolds objects to this Request because it seeks information, data, opinions, or theories of counsel that are protected by the attorney work-product privilege under Rule 26(b)(3) of the Federal Rules of Civil Procedure and related case law. Furthermore, Reynolds objects to this Request because it seeks facts and opinions held by Reynolds' non-testifying, consulting experts, which are not discoverable under Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure and related case law. Per agreement of the parties, Reynolds has not yet disclosed its testifying medical experts. If and when any of Reynolds' testifying experts rely upon, and have any opinions concerning, any pathological evidence of metastatic small cell cancer in David Ertman's lymph node tissue, Reynolds will disclose it in accordance with the Federal Rules of Civil Procedure. Finally, Plaintiffs have in their possession substantially equivalent pathology tissue from which they can conduct their own testing relating to small cell cancer. In fact, Plaintiffs' expert states that he has already conducted testing, (*see* Supplemental Expert Report of Dr. Allan Feingold), and despite Reynolds' clear right to discovery under FRCP 26(a)(2), Plaintiff has refused to produce the pathology used in that testing on reasonable terms. Nonetheless, Plaintiffs cannot show exceptional circumstances under which it is impracticable for them to obtain facts or opinions on the same subject by other means. (*See* FRCP 26(b)(4)(B).)

**REQUEST TO ADMIT NO. 2**: There is pathological evidence of metastatic small cell cancer in David Ertman's lymph node tissue which defendant R.J. Reynolds Tobacco Company received from the Hospital of St. Raphael's in accordance with the Joint Stipulation and Order Regarding Transfer and use of Pathology Slides entered by the Court in this case on November 29, 2007.

CLI-1612418v1

**RESPONSE**:  Objection.  This Request is untimely.  Under the Court's scheduling order, the deadline for written fact discovery was September 20, 2007—more than half a year ago.  Plaintiffs did not seek leave of Court to serve these Requests out of time and thus have no authority to serve them.  Reynolds has no obligation to respond to improper discovery.  The only discovery that remains to be conducted in this case are depositions and discovery of certain previously-noticed 30(b)(6) witnesses, treating physicians, expert witnesses and expert materials.  In addition, Reynolds objects to this Request because it seeks information, data, opinions, or theories of counsel that are protected by the attorney work-product privilege under Rule 26(b)(3) of the Federal Rules of Civil Procedure and related case law.  Furthermore, Reynolds objects to this Request because it seeks facts and opinions held by Reynolds' non-testifying, consulting experts, which are not discoverable under Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure and related case law.  Per agreement of the parties, Reynolds has not yet disclosed its testifying medical experts.  If and when any of Reynolds' testifying experts rely upon, and have any opinions concerning, any pathological evidence of metastatic small cell cancer in David Ertman's lymph node tissue, Reynolds will disclose it in accordance with the Federal Rules of Civil Procedure.  Finally, Plaintiffs have in their possession substantially equivalent pathology tissue from which they can conduct their own testing relating to small cell cancer.  In fact, Plaintiffs' expert states that he has already conducted testing, (*see* Supplemental Expert Report of Dr. Allan Feingold), and despite Reynolds' clear right to discovery under FRCP 26(a)(2), Plaintiff has refused to produce the pathology used in that testing on reasonable terms.  Nonetheless, Plaintiffs cannot show exceptional circumstances under which it is impracticable for them to obtain facts or opinions on the same subject by other means.  (*See* FRCP 26(b)(4)(B).)

**REQUEST TO ADMIT NO. 3**:  There is pathological evidence from Chromogranin-A staining of David Ertman's lymph node tissue that Mr. Ertman had small cell lung cancer.

**RESPONSE**:  Objection.  This Request is untimely.  Under the Court's scheduling order, the deadline for written fact discovery was September 20, 2007—more than half a year ago.  Plaintiffs did not seek leave of Court to serve these Requests out of time and thus have no authority to serve them.  Reynolds has no obligation to respond to improper discovery.  The only discovery that remains to be conducted in this case are depositions and discovery of certain previously-noticed 30(b)(6) witnesses, treating physicians, expert witnesses and expert materials. In addition, Reynolds objects to this Request because it seeks information, data, opinions, or theories of counsel that are protected by the attorney work-product privilege under Rule 26(b)(3) of the Federal Rules of Civil Procedure and related case law.  Furthermore, Reynolds objects to this Request because it seeks facts and opinions held by Reynolds' non-testifying, consulting experts, which are not discoverable under Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure and related case law.  Per agreement of the parties, Reynolds has not yet disclosed its testifying medical experts.  If and when any of Reynolds' testifying experts rely upon, and have any opinions concerning, any pathological evidence of small cell lung cancer from Chomogranin-A staining, Reynolds will disclose it in accordance with the Federal Rules of Civil Procedure.  Finally, Plaintiffs have in their possession substantially equivalent pathology tissue from which they can conduct their own Chromagranin-A staining.  In fact, Plaintiffs' expert states that he has already conducted testing, (*see* Supplemental Expert Report of Dr. Allan Feingold), and despite Reynolds' clear right to discovery under FRCP 26(a)(2), Plaintiff has refused to produce the pathology used in that testing on reasonable terms.  Nonetheless, Plaintiffs

CLI-1612418v1

cannot show exceptional circumstances under which it is impracticable for them to obtain facts or opinions on the same subject by other means. (*See* FRCP 26(b)(4)(B).)

**REQUEST TO ADMIT NO. 4**: There is pathological evidence from TTF-1 staining of David Ertman's lymph node tissue that Mr. Ertman's cancer was a primary pulmonary malignancy.

**RESPONSE**: Objection. This Request is untimely. Under the Court's scheduling order, the deadline for written fact discovery was September 20, 2007—more than half a year ago. Plaintiffs did not seek leave of Court to serve these Requests out of time and thus have no authority to serve them. Reynolds has no obligation to respond to improper discovery. The only discovery that remains to be conducted in this case are depositions and discovery of certain previously-noticed 30(b)(6) witnesses, treating physicians, expert witnesses and expert materials. In addition, Reynolds objects to this Request because it seeks information, data, opinions, or theories of counsel that are protected by the attorney work-product privilege under Rule 26(b)(3) of the Federal Rules of Civil Procedure and related case law. Furthermore, Reynolds objects to this Request because it seeks facts and opinions held by Reynolds' non-testifying, consulting experts, which are not discoverable under Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure and related case law. Per agreement of the parties, Reynolds has not yet disclosed its testifying medical experts. If and when any of Reynolds' testifying experts rely upon, and have any opinions concerning, any pathological evidence of small cell lung cancer from TTF-1 staining, Reynolds will disclose it in accordance with the Federal Rules of Civil Procedure. Finally, Plaintiffs have in their possession substantially equivalent pathology tissue from which they can conduct their own TTF-1 staining. In fact, Plaintiffs' expert states that he has already conducted testing, (*see* Supplemental Expert Report of Dr. Allan Feingold), and despite

Reynolds' clear right to discovery under FRCP 26(a)(2), Plaintiff has refused to produce the pathology used in that testing on reasonable terms. Nonetheless, Plaintiffs cannot show exceptional circumstances under which it is impracticable for them to obtain facts or opinions on the same subject by other means. (*See* FRCP 26(b)(4)(B).)

**REQUEST TO ADMIT NO. 5**: There is pathological evidence from immunohistochemical staining of David Ertman's lymph node tissue that Mr. Ertman had a primary pulmonary small cell cancer.

**RESPONSE**: Objection. This Request is untimely. Under the Court's scheduling order, the deadline for written fact discovery was September 20, 2007—more than half a year ago. Plaintiffs did not seek leave of Court to serve these Requests out of time and thus have no authority to serve them. Reynolds has no obligation to respond to improper discovery. The only discovery that remains to be conducted in this case are depositions and discovery of certain previously-noticed 30(b)(6) witnesses, treating physicians, expert witnesses and expert materials. In addition, Reynolds objects to this Request because it seeks information, data, opinions, or theories of counsel that are protected by the attorney work-product privilege under Rule 26(b)(3) of the Federal Rules of Civil Procedure and related case law. Furthermore, Reynolds objects to this Request because it seeks facts and opinions held by Reynolds' non-testifying, consulting experts, which are not discoverable under Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure and related case law. Per agreement of the parties, Reynolds has not yet disclosed its testifying medical experts. If and when any of Reynolds' testifying experts rely upon, and have any opinions concerning, any pathological evidence of small cell lung cancer from immunohistochemical staining, Reynolds will disclose it in accordance with the Federal Rules of Civil Procedure. Finally, Plaintiffs have in their possession substantially equivalent pathology

tissue from which they can conduct their own immunohistochemical staining. In fact, Plaintiffs' expert states that he has already conducted testing, (*see* Supplemental Expert Report of Dr. Allan Feingold), and despite Reynolds' clear right to discovery under FRCP 26(a)(2), Plaintiff has refused to produce the pathology used in that testing on reasonable terms. Nonetheless, Plaintiffs cannot show exceptional circumstances under which it is impracticable for them to obtain facts or opinions on the same subject by other means. (*See* FRCP 26(b)(4)(B).)

**REQUEST TO ADMIT NO. 6:** Prior to Mr. Ertman's diagnosis of lung cancer at Hospital of St. Raphael's in June 1999, Mr. Ertman suffered from paraneoplastic neurological disease.

**RESPONSE:** Objection. This Request is untimely. Under the Court's scheduling order, the deadline for written fact discovery was September 20, 2007—more than half a year ago. Plaintiffs did not seek leave of Court to serve these Requests out of time and thus have no authority to serve them. Reynolds has no obligation to respond to improper discovery. The only discovery that remains to be conducted in this case are depositions and discovery of certain previously-noticed 30(b)(6) witnesses, treating physicians, expert witnesses and expert materials. In addition, Reynolds objects to this Request because it seeks information, data, opinions, or theories of counsel that are protected by the attorney work-product privilege under Rule 26(b)(3) of the Federal Rules of Civil Procedure and related case law. Furthermore, Reynolds objects to this Request because it seeks facts and opinions held by Reynolds' non-testifying, consulting experts, which are not discoverable under Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure and related case law. Per agreement of the parties, Reynolds has not yet disclosed its testifying medical experts. If and when any of Reynolds' testifying experts rely upon, and have

any opinions concerning, whether Mr. Ertman suffered from paraneoplastic neurological disease, Reynolds will disclose it in accordance with the Federal Rules of Civil Procedure.

**REQUEST TO ADMIT NO. 7:**  In June 1999, serum taken from Mr. Ertman by Hospital for St. Raphael's was found by Dr. Steven Vernino of the Mayo Clinic in Rochester, Minnesota, to contain high titer type 1 anti-neuronal nuclear autoantibodies (ANNA-1, also known as "Hu").

**RESPONSE:**  Objection. This Request is untimely. Under the Court's scheduling order, the deadline for written fact discovery was September 20, 2007—more than half a year ago. Plaintiffs did not seek leave of Court to serve these Requests out of time and thus have no authority to serve them. Reynolds has no obligation to respond to improper discovery. The only discovery that remains to be conducted in this case are depositions and discovery of certain previously-noticed 30(b)(6) witnesses, treating physicians, expert witnesses and expert materials. Reynolds also objects to the word "high" on the ground that it is Plaintiffs' own subjective term and is vague. In addition, Reynolds objects to this Request because it seeks information, data, opinions, or theories of counsel that are protected by the attorney work-product privilege under Rule 26(b)(3) of the Federal Rules of Civil Procedure and related case law. Furthermore, Reynolds objects to this Request because it seeks facts and opinions held by Reynolds' non-testifying, consulting experts, which are not discoverable under Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure and related case law. Per agreement of the parties, Reynolds has not yet disclosed its testifying medical experts. If and when any of Reynolds' testifying experts rely upon Dr. Vernino's treatment and records, and have any opinions concerning whether Mr. Ertman had anti-neuronal nuclear autoantibodies, Reynolds will disclose it in accordance with the Federal Rules of Civil Procedure. Finally, Mr. Ertman is able to test his own serum for the

presence of any antibodies he desires. In fact, Plaintiffs' expert states that he has already conducted testing, (*see* Supplemental Expert Report of Dr. Allan Feingold), and despite Reynolds' clear right to discovery under FRCP 26(a)(2), Plaintiff has refused to produce the pathology used in that testing on reasonable terms. Nonetheless, Plaintiffs cannot show exceptional circumstances under which it is impracticable for them to obtain facts or opinions on the same subject by other means. (*See* FRCP 26(b)(4)(B).)

**REQUEST TO ADMIT NO. 8**: ANNA-1 or "Hu" antibodies in concurrence with lung cancer is evidence that Mr. Ertman's lung cancer was small cell lung cancer.

**RESPONSE**: Objection. This Request is untimely. Under the Court's scheduling order, the deadline for written fact discovery was September 20, 2007—more than half a year ago. Plaintiffs did not seek leave of Court to serve these Requests out of time and thus have no authority to serve them. Reynolds has no obligation to respond to improper discovery. The only discovery that remains to be conducted in this case are depositions and discovery of certain previously-noticed 30(b)(6) witnesses, treating physicians, expert witnesses and expert materials. In addition, Reynolds objects to this Request because it seeks information, data, opinions, or theories of counsel that are protected by the attorney work-product privilege under Rule 26(b)(3) of the Federal Rules of Civil Procedure and related case law. Furthermore, Reynolds objects to this Request because it seeks facts and opinions held by Reynolds' non-testifying, consulting experts, which are not discoverable under Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure and related case law. Per agreement of the parties, Reynolds has not yet disclosed its testifying medical experts. If and when any of Reynolds' testifying experts have any opinions concerning whether Mr. Ertman's serum was positive for ANNA-1 antibodies and whether those

antibodies are evidence of small cell lung cancer, Reynolds will disclose it in accordance with the Federal Rules of Civil Procedure.

Dated: May 1, 2008

DEFENDANT R.J. REYNOLDS TOBACCO COMPANY,

BY: /s/ Amanda S. Jacobs
Mark A. Belasic
Amanda Snyder Jacobs
Jones Day
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone:    (216) 586-3939
Facsimile:    (216) 579-0212

Mark R. Seiden
222 East 41st Street
New York, New York 10017
Telephone:    (212) 326-3939
Facsimile:    (212) 755-7306

David Thomas Ryan
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103
Telephone:    (860) 275-8258
Facsimile:    (860) 275-8299

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent via facsimile and mailed, postage prepaid, this 1st day of May, 2008 to:

David Golub
Marilyn Ramos
Craig Yankwitt
Jonathan Levine
Silver Golub & Teitell
184 Atlantic Street
Stamford, CT 06901

Amanda S. Jacobs