Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1998 WL 151815 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp., 1998 WL 151815 (N.D.Ill.))**

Page 1

Hart v. Dow Chemical
N.D.Ill.,1998.
Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois.
Melissa and John Hart, Plaintiffs,
v.
Dow CHEMICAL, et al. Defendants.
**No. 95 C 1811.**

March 27, 1998.

MEMORANDUM AND ORDER

MANNING, District Court J.

*1 This matter comes before the court on objections by plaintiffs, Melissa and John Hart (Harts) to the report and recommendation issued by Magistrate Judge Keys on September 16, 1997(R & R). The court previously addressed the Harts' objections to Judge Keys' R & R in its September 30, 1997 Order. The court, however, reserved ruling on whether to adopt Judge Keys' R & R to deny plaintiffs' motions to vacate default admissions and strike defendant Terminix's motion for summary judgment, or instead to grant defendant Terminix's motion for summary judgment. The parties were granted leave to further brief the issue.

Upon further review of the parties' supplemental briefs and the record, the court finds that Magistrate Judge Keys erred in concluding that the requests for admissions were received on January 20, 1997. To the contrary, the record reveals that the defendants sought and received permission to begin discovery at a Rule 26(f) conference held before Magistrate Judge Gottshcall on September 23, 1996. The Dow defendants served the requests for admissions on October 23, 1996 and plaintiffs' counsel did not respond within thirty days as required by Rule 36(a). Moreover, based on the evidence presented by the defendants, the court is convinced that it is unlikely that the Harts or their counsel did not receive notice as to the existence of the Requests for Admissions. Due to their failure to respond, the Harts have admitted by default that they have no proof that their injuries were caused by exposure to the chemical "chlorpyrifos." The Harts' claims against Terminix are based, in part, on allegations of exposure to chlorpyrifos, which now, as a matter of law, cannot be proven. Accordingly, Terminix's motion for summary judgment is granted only with respect to exposure to chlorpyrifos, not heptachlor or chlordane.

*Standard of Review of a R & R*

Under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), a district court reviewing a R & R must make a de novo determination of those portions of the magistrate judge's R & R to which an objection is made. A district court may also review any issue de novo, even if no party objects. *Delgado v. Bowen,* 782 F.2d 79, 82 (7th Cir.1986). When no timely objection is filed, however, the court in determining whether to accept the R & R is only required to satisfy that the R & R is not clearly erroneous to accept it. *See*Fed.R.Civ.P. 72 advisory committee's note to the 1983 amendment, *citing Campbell v. U.S. Dist. Court,* 501 F.2d 196, 206 (9th Cir.), *cert denied,*419

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1998 WL 151815 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp., 1998 WL 151815 (N.D.Ill.))**
Page 2

U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974); *see also Resolution Trust Corp. v. S & K Chevrolet,* 868 F.Supp. 1047, 1052 (C.D.Ill.1994); *Walker v. Hood,* 679 F.Supp. 372, 374 (S.D.N.Y.1988).

The court has the discretion to "accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b); *Delgado v. Bowen,* 782 F.2d at 82. Judicial efficiency, however, requires parties to present their arguments to the magistrate judge in the first instance, as the review procedure is not an opportunity to present new arguments not considered by the magistrate judge. *Scholes v. Stine, McGuire & Benjamin,* 786 F.Supp. 1385, 1394 n. 8 (N.D.Ill.1992). It is with these principles in mind that the court reviews the R & R and the parties' objections to those portions.

DISCUSSION

*2 The Harts assert that the Dow defendants' request for admissions were improper and that the default admissions should be vacated by the court. The grounds for withdrawing the default admissions proposed by the Harts are: (1) the request for admissions were made without first convening a Rule 26(f) discovery conference; (2) the Harts did not receive copies of the requests for admissions until January 17, 1997 and that they timely responded by filing their motion to establish service date of the request, or in the alternative, motion to withdraw the admissions, and; (3) the Harts have repeatedly disclosed to the defendants and the court that they possess evidence contrary to the facts asserted in the admissions.

In response, defendant Terminix asserts that the request for admissions were proper because: (1) the parties convened a Rule 26(f) conference thus satisfying the requirements for the Rule 36 request for admissions; (2) on October 22, 1996, the requests for admissions were sent along with interrogatories to all of the parties, including the Harts, as acknowledged in sworn affidavits of the other defendants; (3) the Harts failed to timely respond to the requests for admissions despite constructive notice provided by reference to their existence contained in interrogatories which the Harts admit they received on October 22, 1997, and; (4) the Harts waived any objections to the propriety of the default admissions since they did not object to the interrogatories served upon them pursuant to Rule 33, which, if the Harts' assertion is correct, would have also been improper on the theory that no Rule 26(f) conference was convened.

*Compliance with 26(f)*

"[R]equests for admission may not be served before the time specified in [a Rule 26(d) discovery conference] ... and [t]he matter is admitted unless, within 30 days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter ...."Fed.R.Civ.P. 36(a). "Except when authorized under these rules or by local rule, order, or agreement of the parties, a party may not seek discovery from any source before the parties have met and conferred as required by subdivision (f)." Fed.R.Civ.P. 26(d). The court finds that Judge Keys erred only in concluding that the Harts received the requests for admissions on January 20, 1997.

On October 12, 1995, the Harts moved to establish a discovery schedule pursuant to Rule 26(f). On October 18, 1995, (then) Magistrate Judge Gottschall held a status hearing at which she granted the Harts' motion and established a discovery schedule. Because the Harts' original complaint alleged class allegations, Judge Gottschall extended class discovery until December 31, 1995. Subsequently, the Harts announced their plan to amend their complaint to drop the class allegations. Regardless of who the Harts eventually intended to sue, causation would

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1998 WL 151815 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp., 1998 WL 151815 (N.D.Ill.))**

Page 3

remain a critical issue in the litigation.

*3 Unsurprisingly, at a March 1, 1996 status hearing, Dean Barnhard, counsel for the Dow defendants, requested permission to begin written discovery on the medical causation issue. Barnhard wanted written discovery regarding causation to begin because there were genuine *Daubert* concerns as to the admissibility of the opinion of the Harts' expert Dr. Robert K. Simon, on the causation issue. Barnhard's request was clear and unambiguous-he wanted to conduct discovery on causation issue to "put the case to bed." (Tr. of Status Hr'g before Mag. J. Gottschall, 8). Judge Gottschall granted defendants leave to file "any written discovery." The only limitation imposed on the scope of discovery was that Judge Gottschall cautioned that the Harts should not be expected to answer contention interrogatories before the amended complaint was on file. The amended complaint was filed May 10, 1996 and was later followed by a second amended complaint on July 24, 1996. It is undisputed that the interrogatories were sent-nearly five months later-on October 22, 1996.

The plain meaning of the rules make it clear that requests for admissions cannot be made prior to the Rule 26(f) conference. The Harts assert that Rule 36(a) is "not a method of discovery" and that requests for admissions were premature because no Rule 26(f) conference was convened. Strictly speaking, requests for admissions pursuant to Fed.R.Civ.P. Rule 36(a) are not discovery tools because the requests are not used to ascertain whether information exists. To the contrary, requests for admissions eliminate issues from contention at trial and expedite the litigation process. *See Misco, Inc. v. U.S. Steel Corp.,* 784 F.2d 198 (6th Cir.1986). The fact remains, however, that requests for admissions are governed by Rule 36(a). Once Judge Gottschall granted defendants' request to begin written discovery, the Harts were obligated to respond to the requests for admissions.

The requests for admission being sought were relevant to causation. All of the parties knew that the basis for the Harts' claim depended on causation. Indeed causation is the critical element. It made perfect sense to resolve preliminary causation concerns before beginning full-blown litigation. Otherwise, the court would have run the risk of compelling the defendants to litigate a case in which they might not be liable as a matter of law. If the Harts' needed more time to prepare for this issue, they could have sought additional time or objected to the form or scope of the requests if they deemed them to be objectionable; no objections were made.

Of course, the Harts have a reasonable explanation; they did not respond to the requests for admissions because they were never received. The Harts' explanation while possible, is highly implausible, in light of the evidence presented by opposing counsel. The Harts admit that they received interrogatories and requests for production on October 22, 1993, but that it contained no requests for admissions. All of the defendants, however, executed sworn affidavits stating that they received copies of the discovery request [FN1] which was sent to the plaintiffs and that the requests for admissions were indeed included. Ironically, the Harts are the only persons on the entire service list who purportedly did not receive the requests for admissions. Even assuming that the requests were omitted, plaintiffs' counsel should have been aware that the requests for admissions existed due to the fact that the interrogatories and requests for production-which plaintiffs' counsel admits receiving-directly refer to the requests for admissions. Accordingly, the court concludes that the Harts were, in fact, served with Requests for Admissions which fully complied with Rules 36 and 26(f).

FN1. The Discovery Request was comprised of:

(1) First Set of Requests to Admit to Plaintiff Melissa Hart; (2) Request for Production to Plaintiff Melissa Hart; (3) First Set of Interrogatories to Plaintiff Melissa Hart; (4) First Set of Requests to Admit to Plaintiff John Hart; (5) Request for Production to Plaintiff John Hart; (6) First Set of Interrog-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1998 WL 151815 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp., 1998 WL 151815 (N.D.Ill.))**

Page 4

atories to Plaintiff John Hart.

***4** The Harts, in their supplemental brief, contend that they complied with Rule 36(a) by responding to the requests for admissions on April 15, 1997. Their argument is premised on the false assumption that the requests were premature or alternatively never served. As addressed earlier, the court rejects both of these arguments. Accordingly the court finds that the Harts are in default and are deemed to have admitted that they are unable to show that their injuries were caused by chlorpyrifos.

*Withdrawal of Default Admissions*

The Harts now move to withdraw the default admissions pursuant to Rule 36(b). The court may allow the withdrawal and/or amendment of previous admissions if "the presentation of the merits will be subserved thereby and the party who obtains the admissions fails to satisfy the court that withdrawal or amendment will prejudice that party." *Bell & Howell Acceptance Corp. v. Sellers Sales & Serv., Inc.,* 1992 WL 18872, *3-4 (N.D.Ill. Jan.28, 1992).

Permitting withdrawal in this action will not promote a full presentation of the merits of this case. The Harts purport to produce evidence showing that their injuries were in fact caused by Terminix's application of pesticides in their home. Yet, none of the reports submitted by plaintiffs' counsel state that any of the chemicals at issue in this action-dursban, chlordane, heptachlor, or chlorpyrifos-caused the Harts' injuries. To the contrary, the reports merely tell us, to no great surprise, that there were levels of insecticide in their home. Simply put, the Harts still do not know, nor have they been able to produce evidence showing, what caused their injuries; a particularly troubling prospect in light of the fact that they have had almost three years to establish a cause but yet appear to be no closer to finding it. The record reveals no facts which remotely suggest that accepting the default admission will subserve the merits of this case. Accordingly, the default admissions will stand.

*Summary Judgment*

The court finds no error with Judge Keys' conclusion that summary judgment is appropriate in light of the default admissions. Despite the harsh result of such an application, the Seventh Circuit has clearly stated that "[a]dmissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment." *U.S. v. Kasuboski,* 834 F.2d 1345, 1350 (7th Cir.1987); *Skolnick v. Puritan Pride, Walgreen, Inc.,* 1995 WL 215178 at *2 (N.D.Ill. April 10, 1995). Plaintiffs' counsel correctly asserts that plaintiffs' original complaint is controlling since the subsequent amended complaints have been stricken. The Dow defendants did not request admissions as to whether chlordane and heptachlor had caused their injuries. Terminix clearly acknowledges this fact by making its own request for admissions regarding chlordane and heptachlor to which plaintiffs' counsel responded on April 15, 1997. Accordingly, the court grants summary judgment in favor of Terminix on the issue of liability with respect to chlorpyrifos-containing products.

*Dismissal of Dow Defendants*

***5** Due to a discrete oversight, the September 30, 1997 Order indicated only that the Dow defendants were dismissed from this suit, when in fact, the dismissal was intended to be with prejudice. Accordingly, the court dismisses the Dow defendants with prejudice *nunc pro tunc.*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1998 WL 151815 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp., 1998 WL 151815 (N.D.Ill.))**

Page 5

*Conclusion*

For the reasons stated above summary judgment is granted in favor of Terminix as it relates to whether chlorpyrifos caused the Harts' injuries.

N.D.Ill.,1998.
Hart v. Dow Chemical
Not Reported in F.Supp., 1998 WL 151815 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.