

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1774033 (N.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d, 2005 WL 1774033 (N.D.N.Y.))

Page 1

Brodeur v. McNamee
N.D.N.Y.,2005.
Only the Westlaw citation is currently available.
United States District Court,N.D. New York.
Dale R. BRODEUR, Sr., Plaintiff,
v.
Sean MCNAMEE, et al., Defendants.
Dale R. BRODEUR, Sr., et al., Plaintiffs,
v.
William BRODEUR, Defendant.
No. 3:02-CV-823 NAM/DEP, 3:02-CV-846 NAM/DEP.

July 27, 2005.

Office of Ronald Cohen, New York, New York, for Plaintiffs, Ronald Cohen, of counsel.
Coughlin, Gerhart Law Firm, Binghamton, New York, for Defendant McNamee, Richard B. Long, of counsel.
Office of Terence O'Leary, Walton, New York, for All Remaining Defendants, Terence O'Leary, of counsel.

*DECISION AND ORDER*

PEEBLES, Magistrate J.
*1 These separate but related actions spring from a business dispute involving members of the Brodeur family, as well as certain of their businesses and affiliates, which has spawned extensive litigation in both the federal and state courts. The two actions now before this court, both of which have been pending for over three years, have been fiercely litigated, presenting discovery disputes at nearly every turn.

The latest dispute centers around plaintiffs' service of requests for admissions shortly before the close of discovery and their application for a determination that by virtue of their failure to serve timely responses, certain of the defendants have admitted the facts set forth in those requests. Defendants oppose plaintiffs' motion, arguing that because they were not served more than thirty days prior to the discovery deadline imposed under the court's case management order, the requests were untimely and, as such, no response was required.

I. *BACKGROUND*

On July 29, 2004 I issued a uniform pretrial scheduling order in each of these two cases establishing certain deadlines including, *inter alia,* the requirement that all discovery in the actions be completed by February 18, 2005.[FN1] Civil Action No. 3:02-CV-846 (NAM/DEP), Dkt. No. 43; Civil Action No. 3:02-CV-823 (NAM/DEP), Dkt. No. 52.The discovery deadline in the two cases was later extended by me on January 24, 2005 to March 31, 2005, and again on March 21, 2005 until April 29, 2005-the currently operative discovery deadline. *See* Civil Action No. 3:02-CV-823 (NAM/DEP) Entries dated January 18, 2005 and March 21, 2005; Civil Action No. 3:02-CV-846 (NAM/DEP) Entries dated January 24, 2005 and March 21, 2005.

> FN1. Those scheduling orders superseded earlier case management orders issued in the action by my

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 2
Not Reported in F.Supp.2d, 2005 WL 1774033 (N.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d, 2005 WL 1774033 (N.D.N.Y.))

predecessor, then-Magistrate Judge Gary L. Sharpe.

At intervals over the time period spanning from April 14, 2005 until April 29, 2005, plaintiffs sent defendants various requests for admissions, pursuant to Rule 36 of the Federal Rules of Civil Procedure, seeking admission of sixty-five separately stated facts. Those requests, which followed the service of three prior sets of requests for admissionS in this action and additional such requests in a separate but related state court suit, went unanswered by defendants William Brodeur and Northeast Fabricators, LLC, despite the passage of more than thirty days.FN2 The failure of those defendants to respond to the disputed requests has led plaintiffs' counsel to seek this court's assistance in enforcing them through the entry of an order deeming the facts set forth within them to have been admitted by the defaulting defendants.

> FN2. The disputed requests for admissions were directed to defendants William Brodeur and Northeast Fabricators, LLC, who are jointly represented by a single attorney, and Sean McNamee, who is separately represented. Those requests have apparently been answered by defendant McNamee, despite their alleged untimeliness.

II. *DISCUSSION*

At the heart of the pending dispute is the requirement under this court's local rules and uniform pretrial scheduling orders that all discovery requests in a case must be served sufficiently in advance of the discovery deadline to allow for service of timely responses prior to the assigned discovery deadline. Northern District of New York Local Rule 16.2; Civil Action No. 3:02-CV-823 (NAM/DEP) Dkt. No. 52, ¶ 6; Civil Action No. 02-CV-846 (NAM/DEP) Dkt. No. 43, ¶ 6. Defendants maintain that these provisions control and render plaintiffs' requests for admissions fatally defective, thereby obviating their need to respond to the untimely requests. Plaintiffs counter that requests for admissions are not discovery devices, and thus may be served at any time prior to trial without regard to the governing uniform pretrial scheduling orders and local rule provisions.FN3

> FN3. Plaintiffs also argue that by virtue of their failure to object to the untimeliness of the requests for admissions in issue, defendants have waived their right to resist answering them on this basis. I reject this contention. If, as defendants now argue, the requests for admissions were subject to the governing discovery cut-off provisions, they were void *ab initio* as a result of the fact that they were not served sufficiently in advance of the discovery deadline to permit timely responses, and no objection on this basis was required to preserve the timeliness argument.

*2 It is true, as plaintiffs argue, that requests for admissions are not discovery devices in the traditional sense. While discovery mechanisms such as requests for document production, interrogatories, and depositions typically seek to uncover information for use in pursuing or defending against a litigated claim, requests for admissions serve the distinctly different purpose of assisting the parties and the court to narrow the factual issues to be presented for determination in connection with such a claim, either on motion or at trial. *See Henry v. Champlain Enters ., Inc.,* 212 F.R.D. 73, 77 (N.D.N.Y.2003) (Treece, M.J.); *see also Booth Oil Site Admin. Group v. Safety-Kleen Corp.,* 194 F.R.D. 76, 79 (W.D.N.Y.2000); *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.,* 174 F.R.D. 38, 42 (S.D.N.Y.1997).Rule 36"is not properly speaking a discovery device, rather it is 'a procedure for obtaining admissions for the record of facts already known' by the seeker."*Dubin v. E.F. Hutton Group Inc.,* 125 F.R .D. 372, 375 (S.D.N.Y.1989) (citing and quoting 8 C. Wright & Miller, Federal Practice and Procedure § 2252 (1970)).

Despite this functional differentiation, the question of whether a request for admissions should be considered a

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 3
Not Reported in F.Supp.2d, 2005 WL 1774033 (N.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d, 2005 WL 1774033 (N.D.N.Y.))**

discovery device is one on which the courts, including within this circuit, are markedly divided. *Contrast Henry,* 212 F.R.D. at 77 (holding that requests for admissions are not discovery devices); *T. Rowe Price Small-Cap Fund, Inc.,* 174 F.R.D. at 42 (same); *Dubin,* 125 F.R.D. at 375 (same) *with Revlon Consumer Prods., Corp. v. Estee Lauder Cos., Inc.,* No. 00 CIV.5960, 2001 WL 521832, at *1 (S.D.N.Y. May 16, 2001) ("There should be no doubt that Requests for Admissions pursuant to Fed.R.Civ.P. 36 are a discovery device[.]"). This schizophrenic approach appears to be owing at least in part to placement of the rule governing requests for admissions within the portion of the Federal Rules of Civil Procedure between Rule 26 and Rule 37, a section generally considered as reserved to pretrial discovery. *See Revlon Consumer Prods. Corp.,* 2001 WL 521832, at *1.

Notwithstanding the uncertainty surrounding whether a request for admissions is properly regarded as a discovery device, the majority of courts which have addressed the precise issue now presented have concluded that requests for admissions should be subject to case management discovery deadlines. *Revlon Consumer Prods. Corp.,* 2001 WL 521832, at *1 ("Even if Rule 36 RFAs were not a true discovery device, the Court holds that the discovery cut-off date should apply to RFAs as well as more procedural discovery devices."); *Bailey v. Broder,* No. 94 Civ. 2394, 1997 WL 752423, at *3 (S.D.N.Y. Dec. 5, 1997) ("While there is some disagreement as to the issue among districts across the country, in this circuit there is not, and the courts have consistently held that requests for admission are to be made within the discovery deadline.") (collecting cases); *Giraldi v. Mann,* No. 93-CV-693, 1995 WL 574451, at *4 (N.D.N.Y. Sept. 22, 1995) (Pooler, J.) ("The magistrate judge acted appropriately in not considering the requests for admissions for two reasons: 1) the requests were not filed until May 6, 1994, after the deadline for discovery had passed[.]"); *see also* Wright, Miller & Marcus, Federal Practice and Procedure § 2257 (2005 Supp.) ("Even though they are not technically discovery requests, requests for admissions have been held subject to discovery cut off dates.").*But see Greenfield v. Mem'l Sloan Kettering Hosp.,* No. 95 Civ. 7658, 2000 WL 351395, at *5 (S.D.N.Y. Apr. 5, 2000) ("There is apparently no clearly defined precedent [on the question of whether requests for admissions are governed by discovery deadlines] from the Second Circuit [.]"). Having carefully examined the conflicting authority regarding this issue, I find that the interests of promoting orderly and efficient litigation are best served by subjecting requests for admissions to case management discovery deadlines, and therefore join those several courts which have adopted this position. And, from this finding it follows that requests for admissions are also included among the devices contemplated under Local Rule 16.2 as having to be served sufficiently in advance of the prescribed discovery cutoff to permit timely responses to be served prior to that deadline.

*3 Admitting of some ambiguity surrounding the issue, I am tempted to overlook the untimeliness of the requests in issue and to require defendants to provide responses to those requests, following District Judge Thomas Duffy's reasoning in *Greenfield,* based upon his perception in that case that the question of whether requests for admissions were subject to the assigned discovery deadline had been left unaddressed by the court when discussing scheduling issues. 2000 WL 351395, at *5. Given the extent of discovery demands previously served by the plaintiffs in this case and the related state court action, however, as well as my review of the disputed requests, which are both numerous and seem to extend in scope well beyond what I would expect as being necessary to accomplish the potentially productive purpose to be served by Rule 36, I choose not to exercise my discretion to overlook the untimeliness of those requests. Based upon my extensive involvement in this case, I believe that all parties have had a fair and adequate opportunity to engage in pretrial discovery, and to prepare for motion practice and for trial.

III. *SUMMARY AND ORDER*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:01-cv-01090-WWE    Document 126-5    Filed 06/23/2008    Page 4 of 4

Not Reported in F.Supp.2d                                                                 Page 4
Not Reported in F.Supp.2d, 2005 WL 1774033 (N.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d, 2005 WL 1774033 (N.D.N.Y.))

The desirable ends of promoting orderly and efficient litigation of matters pending in this court are best served by treating requests for admissions, though not discovery devices in the traditional sense, as being subject to the court's requirement that discovery in an action be completed on or before an assigned deadline, and additionally that all discovery requests be served sufficiently in advance of that deadline to permit timely responses before the assigned discovery cutoff. Accordingly, plaintiffs' request for an order deeming the facts set forth in the five sets of requests for admissions now in dispute to have been admitted by the defendants will be denied, and defendants' cross-motion for a protective order will be granted.

Based upon the foregoing, it is hereby

ORDERED, that plaintiffs' request pursuant to Rule 36 of the Federal Rules of Civil Procedure for a declaration that the facts set forth in the five requests for admissions served on and after April 14, 2005 be deemed admitted by the defendants (02-CV-823, Dkt. No. 100) is DENIED; and it is further

ORDERED, that defendants' cross-motion for a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, excusing them from the requirement of responding to the disputed request for admissions on the basis of their untimeliness (02-CV-823, Dkt. No. 105) is hereby GRANTED; and it is further

ORDERED, that the clerk is directed to promptly forward copies of this order to the parties' respective attorneys by electronic means.

N.D.N.Y.,2005.
Brodeur v. McNamee
Not Reported in F.Supp.2d, 2005 WL 1774033 (N.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.