Westlaw.

Not Reported in F.Supp.2d                                                                                                Page 1
Not Reported in F.Supp.2d, 2001 WL 521832 (S.D.N.Y.), 50 Fed.R.Serv.3d 254
(Cite as: Not Reported in F.Supp.2d, 2001 WL 521832 (S.D.N.Y.))

Revlon Consumer Products Corp. v. Estee Lauder Companies, Inc.
S.D.N.Y.,2001.

United States District Court, S.D. New York.
REVLON CONSUMER PRODUCTS CORPORATION, Plaintiff,
v.
ESTEE LAUDER COMPANIES, INC., et al., Defendants.
No. 00CIV.5960(RMB)(AJP).

May 16, 2001.

OPINION & ORDER

PECK, Magistrate J.
*1 The issue before the Court is the timeliness of plaintiff Revlon's First Request for Admissions, served 29 days before the discovery cut-off period. Defendant Estee Lauder has objected to Revlon's Request, alleging that it was untimely because the answers would not be due until a day or two after the close of discovery.

Revlon claims that Estee Lauder's objection "misses the mark" because, Revlon contends, Requests for Admissions are not a discovery device. (Revlon 5/15/01 Letter at 2.) Requests for Admissions ("RFAs") serve, to some extent, the same function as stipulations in the Pretrial Order and are designed to "advance the issues by eliminating those that can be."Advisory Committee Notes to Rule 36 (1970 Amendment). While some decisions in this District have found RFAs to not be a discovery device (see Revlon 5/15/01 Letter at 2, citing cases), this Court respectfully disagrees.

There should be no doubt that Requests for Admissions pursuant to Fed.R.Civ.P. 36 are a discovery device, from (1) the placement of Rule 36 in the section of the Federal Rules of Civil Procedure labeled "V. Depositions and Discovery," (2) the provision in Rule 36 that Requests for Admissions "may not be served before the time specified in Rule 26(d)," which section is entitled "Timing and Sequence of Discovery," (3) language in the Advisory Committee Notes to Rule 36 (1970 and 1993 Amendments) that makes clear that Rule 36 is part of "discovery procedures" and "discovery rules," and (4) the ability to impose sanctions under Rule 37 (entitled "Failure to Make Disclosure or Cooperate in Discovery") for violations of Rule 36. Clearly, Requests for Admissions are a discovery device and are covered by the discovery cut-off date.

Even if Rule 36 RFAs were not a true discovery device, the Court holds that the discovery cut-off date should apply to RFAs as well as more procedural discovery devices. As one leading commentator has stated: "Even though they are not a discovery device, requests for admission must nonetheless be served before the discovery cut-off." 2 Michael C. Silberberg, *Civil Practice in the Southern District of New York* § 23.04 at 23-6 (2d ed.2001) (citing cases); *see also* 7 James W. Moore, *Moore's Federal Practice* § 36.02[2] at 36-11 (3d ed. 2000) ("Generally, the limitations and deadlines applicable to other discovery devices also apply to requests for admissions.").

Accordingly, Revlon's Requests for Admissions were untimely. However, because they only were untimely by a

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

day or two, and counsel's letter explained how they came to be served on a Monday when the messenger failed to pick them up on Friday, and because the parties still have two months before the close of expert discovery, in the interest of justice the Court requires Estee Lauder to respond to Revlon's Requests for Admissions, on a date to be agreed upon by the parties (or set by the Court if the parties cannot quickly agree on such a date), *but* no other deadlines in the case will be extended.

*2 SO ORDERED.

S.D.N.Y.,2001.
Revlon Consumer Products Corp. v. Estee Lauder Companies, Inc.
Not Reported in F.Supp.2d, 2001 WL 521832 (S.D.N.Y.), 50 Fed.R.Serv.3d 254

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.