Westlaw.

Not Reported in F.Supp.2d                                                                                    Page 1
Not Reported in F.Supp.2d, 2006 WL 2583051 (N.D.Fla.)
(Cite as: Not Reported in F.Supp.2d, 2006 WL 2583051 (N.D.Fla.))

Federated Mut. Ins. Co. v. Mazda Motor of America, Inc.
N.D.Fla.,2006.
Only the Westlaw citation is currently available.
United States District Court, N.D. Florida,
Pensacola Division.
FEDERATED MUTUAL INSURANCE COMPANY, Plaintiff,
v.
MAZDA MOTOR OF AMERICA, INC., and State Farm Mutual Insurance Company, Defendants.
No. 3:06cv85/RS/MD.

Sept. 6, 2006.

Albert James Wollermann, Thomas J. Guilday, Huey GuildayTucker Etc, Tallahassee, FL, for Plaintiff.
William Dennis Horgan, Patrick J. Farrell, Jr., Fuller Johnson & Farrell PA, Tallahassee, FL, Carol McMurry
Bishop, Stephen Ellsworth Day, Taylor Day Currie Etc, Jacksonville, FL, for Defendants.

ORDER on MOTIONS TO COMPEL

MILES DAVIS, Magistrate Judge.
*1 Before the court are two motions to compel discovery, both filed by plaintiff, Federated Mutual Insurance
Company ("Federated"). In the first, Federated moves to compel defendant Mazda Motor of America, Inc.
("Mazda") to answer two interrogatories and respond to two requests for production (doc. 43). Mazda has re-
sponded (doc. 46). In the second, Federated moves to compel State Farm Mutual Insurance Company ("State
Farm") to answer numerous interrogatories, and to respond to numerous requests for production and requests for
admission (doc. 44). State Farm has responded (doc. 47).

At some time during the night and early morning of July 1-2, 2003, a 1998 Mazda Millenia automobile ("subject
vehicle") owned by Jamison VanLandingham caught fire. The subject vehicle had been delivered that day to
Quality Imports for maintenance or repairs. The fire caused damage to the subject vehicle as well as to the busi-
ness and business premises of Quality Imports. Federated insured Quality Imports, and paid it for damages and
repairs. State Farm insured the subject vehicle and allegedly committed spoliation by selling or destroying the
subject vehicle before Federated could inspect it. In the instant action Federated contends generally that Mazda
was responsible for the fire, and that State Farm was guilty of spoliation, thereby impairing its ability to prove
its case against Mazda.

The court stayed discovery and trial of the spoliation count (Count V) (doc. 19), and later clarified that its order
did not preclude "any party from discovering evidence relevant to the remaining counts in the Complaint from
any other party, including State Farm."(Doc. 41, ¶ 1). The court further ordered State Farm to comply with all
relevant discovery requests unless it "relates *solely* to the issue of spoliation."*(Id.* at ¶ 3).

1. *Motion to compel as to Mazda.*

Federated moves to compel Mazda to answer two of its interrogatories and two requests for production, as fol-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 2583051 (N.D.Fla.)
(Cite as: Not Reported in F.Supp.2d, 2006 WL 2583051 (N.D.Fla.))

lows.

*Interrogatory No. 1:* Federated asked whether Mazda had received *any* reports of problems with *any* 1998 Millenia, had files on such reports, and/or had been sued as the result of such problems. Federated also wants to know who is responsible for receiving and investigating such reports. Mazda's response listed all its warranty records on the subject vehicle, and stated that the instant lawsuit is the first lawsuit or claim brought against it because of an alleged defect causing a fire in *any* 1998 Mazda Millenia. Mazda objected to any further response because the question was overbroad, sought information concerning *any* problem on *any* 1998 Millenia, and that such information had no relevance to this case. In short, Mazda said that the only relevant questions related to the subject vehicle, and that it provided answers to those questions. It further volunteered that no other 1998 Millenia had led to any lawsuits or claims alleging that a defect resulted in a fire. Federated says that this is not enough. It contends that the requested evidence "is reasonably calculated to lead to the discovery of admissible evidence ... [such as design or manufacturing defects] in any component part."(Doc. 43, p. 4). Federated reasons that it is entitled to the requested information because it may reveal "the nature and extent of the relationship [Mazda] has with any supplier, designer, and/or manufacturer" of any 1998 Millenia. (Doc. 43, p. 4). Yet Federated offers this court no authority for this statement, on point or otherwise, except for two venerable (and pre-2000 amendment) decisions holding generally that discovery should be accorded broad and liberal treatment, *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed.2d 451 (1947), and defining relevancy as any matter that bears on, or could reasonably bear on, any issue in the case, *Oppenheimer v. Sanders,* 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

*2 Federated does not explain how a defect in the lock on the left passenger-side door of a 1998 Millenia, or in a rear view mirror, or in a wheel lug, to take some obvious examples, is relevant to a claim or defense in this case. Federated has not made any effort to limit its inquiry to fires, or to electrical, fuel, or other systems that might cause fires, or even to cigarette smoking (or other use of flammable materials) by 1998 Millenia owners. Interrogatory No. 1 is simply too broad. A matter is discoverable if it is relevant to the *claim or defense* of any party. Fed.R.Civ.P. 26(b)(1). Plaintiff's claim here is that there was a defect in the subject vehicle that caused it to catch fire. Although plaintiff's question did not have nearly the breadth of the discovery requests condemned in *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353 (11th Cir.1997), where plaintiffs "all but asked for every document Mazda ever had in its possession, and then some," the question still goes far beyond plaintiff's *claim* that a fire in a 1998 Millenia caused damages.

The intent of the 2000 amendment to Rule 26(b), which limited discovery to claims and defenses rather than subject matter, as had been the rule before, was intended to narrow the scope of discovery while still allowing the court to broaden it for good cause. See Fed.R.Civ.P. 26 Committee Notes (2000 amendment). Mazda has provided the only information it has in response to interrogatory no. 1 that is relevant to the claims and defenses of this case. Federated has identified the object of its search-the cause of the fire in the subject vehicle. It has failed to show, other than to speculate, how its proposed far-reaching search is truly relevant to its claim against Mazda. Federated's motion to compel further answers to Interrogatory No. 1 should be denied.

*Interrogatory No. 11:* Federated next asks the court to compel an answer to the question of whether Mazda blamed Federated or Quality Imports for the fire, and if so, what evidence it has to support its contention. The basis for the question was one of Mazda's affirmative defenses: that the negligence of Quality Imports was the proximate cause of the fire.

Mazda objected to the question as "premature given the state of discovery and the fact that it was (and appar-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                      Page 3
Not Reported in F.Supp.2d, 2006 WL 2583051 (N.D.Fla.)
(Cite as: Not Reported in F.Supp.2d, 2006 WL 2583051 (N.D.Fla.))

ently still is) unable to inspect the subject vehicle. Subject to the objection, Mazda stated that it thought Quality Imports was partially or wholly responsible for the loss, but could not say how or why, other that it understood that the ignition was left on overnight. Federated says that this answer is no answer at all.

The undersigned disagrees. Mazda clearly said that it contended that Quality Imports was responsible for the fire, but could not say how. Mazda is obligated to supplement its response if it uncovers any evidence to support its defense, Rule 26(e), but if none appears, Mazda will be bound by its answer. The undersigned cannot see that there is any further answer that could be compelled, and the motion as to Interrogatory No. 11 should be denied.

*3 *Request for Production No. 4:* Federated asked Mazda to produce all warranties, guaranties, or other printed representations relative to the 1998 Mazda Millenia. Mazda objected, contending, among other things, that the court had already dismissed Federated's claim for breach of warranty. Federated responds that it is "entitled to all documents related to the subject vehicle as well as to Mazda's product, the 1998 Millenia, with regard to the issuance of any warranty offered by Mazda, or any other corporation...." (Doc. 43, p. 8). However, Federated does not explain *why* it is entitled to those documents, nor can the undersigned discern any reason, given the court's dismissal of Federated's breach of warranty count. The motion to compel responses to Request for Production No. 4 should be denied.

*Request for Production No. 9:* Federated asked for any document relating to recalls of the 1998 Mazda Millenia. Mazda objected that the question was overbroad, but volunteered that it was unaware of any recall related in any way to fires in the 1998 Mazda Millenia model, and possessed no documents on that topic. Federated contends that it is entitled to all such documents regardless of whether they relate to fires, because the request is reasonably calculated to lead to the discovery of admissible evidence of flaws, defects or problems reported, documented or related to *any component part,* because the information "is material and relevant regardless of its having resulted in a fire." As with the first interrogatory discussed above, Federated offers nothing other than its conclusory statement to support this contention, and has made no effort to craft its request in a way that limits it to matters relevant to its claim. Federated also says that the request might lead to evidence concerning Mazda's relationship with any other entity, but makes no effort to explain how this is in any way relevant to its claim. The motion to compel Request for Production No. 9 should be denied.

2. *Motion to compel as to State Farm.*

As noted above, the court has specifically required State Farm to respond to all discovery save that which relates *solely* to the spoliation claim. The disagreement between Federated and State Farm discussed here involves that very question. Federated has combined several of its interrogatories, requests for production, and requests for admission because of their similarities, and the undersigned will use the same groupings.[FN1]

> FN1. State Farm has committed to providing supplemental answers to nos. 7, 9, 10, 11, 12, 17, and 20.Federated does not seek to compel answers to nos. 2, 3, 8, 13, or 19.

*Interrogatory No. 1.:* This question asks State Farm to identify the person answering the propounded questions. This interrogatory must be answered.

*Interrogatory Nos. 4 and 5:* These questions ask State Farm to describe facts known to it that deal with the destruction, loss or sale of the subject vehicle. State Farm says that this relates solely to spoliation. Although the question is less than artful, the word "destruction" is broad enough to include destruction of the car by fire.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 2583051 (N.D.Fla.)
(Cite as: Not Reported in F.Supp.2d, 2006 WL 2583051 (N.D.Fla.))

Page 4

Granted that while a car is never destroyed until it goes to the shredding machine, the commonly accepted meaning of the term in this context would include substantial damage by fire. Accordingly, State Farm will be required to answer nos. 4 and 5 to the extent that it has information relative to damage to the subject vehicle by fire.

*4 *Interrogatory No. 6:* Federated next asks for all documents in State Farm's possession produced as the result of any claim filed related to the subject vehicle by the owner, Mr. VanLandingham. State Farm says that this seeks evidence concerning spoliation. It may, but it clearly does not entirely. State Farm should be required to answer the question with respect to all documents it possesses that do not deal *solely* with spoliation. The court cannot discern any reason that a document created *before* the fire relates solely to spoliation, nor does any document dealing with investigation of the cause of the fire up until the time State Farm decided to dispose of the vehicle.

*Interrogatory Nos. 14, 15 and 16 and 18:* These questions ask for information concerning why the subject vehicle was removed from Quality Imports premises. State Farm says these questions relate solely to the spoliation claim, but the undersigned disagrees. The simple act of removing the subject vehicle from the premises was just the first step in what ended up as the alleged spoliation, but as Federated points out, the removal may have involved further danger to the premises or to the subject vehicle, and may therefore be relevant to Federated's claim against Mazda. These questions should be answered. However, no. 16 need be answered only as it relates to removal of the subject vehicle from the premises.

*Interrogatory Nos. 21 and 22:* These interrogatories ask for information concerning correspondence between State Farm and Federated (No. 21), and all communications with the Walton County Fire Department (No. 22). As to matters between State Farm and Federated, the undersigned is not informed as to why Federated does not already have such documents, since it was one of the participants in the correspondence. As to the Fire Department, such evidence may involve spoliation, but it clearly does not *solely* involve spoliation. State Farm should be required to answer No. 22

*Interrogatory No. 23:* The question asks State Farm to identify all reports prepared by any employee or agent of State Farm, including any cause and origin report. State Farm says that it has identified and provided all reports that do not deal solely with spoliation, and which are limited to the subject vehicle. Should Federated be dissatisfied with this response, it should file a supplemental motion within five days hereof.

*Request for Production No 1.:* This request seeks all documentation in State Farm's possession referred to in the answers to interrogatories. To the extent that this order requires State Farm to identify documents, it shall also be required to produce the documents.

*Request for Production No. 3:* This request asks for a copy of State Farm's claim file. State Farm says it has produced the file, except for documents relating to spoliation. It also says that any documents relating to the removal of the subject vehicle from Quality Import's premises relate solely to the spoliation claim. As explained with respect to Interrogatory Nos. 14, 15, 16 and 18, documents relating to removal of the vehicle from the subject premises should be produced.

*5 *Request for Production No. 6:* This request relates to documents dealing with any salvage, towing and/or retrieval company utilized by State Farm. To the extent that any such documents deal with removal of the subject vehicle from the premises of Quality Imports, they should be produced, otherwise not.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 2583051 (N.D.Fla.)
(Cite as: Not Reported in F.Supp.2d, 2006 WL 2583051 (N.D.Fla.))

*Requests for Admission*

Federated served a set of requests for admission on State Farm to which State Farm objected, asserting that the matters requested to be admitted dealt solely with Federated's spoliation claim.

*Request for Admission Nos. 1-5:* State Farm is asked to admit that it investigated the fire claim, communicated with Federated with respect to the claim, was asked to delay destructive testing until Federated and Mazda could participate, and was aware of Federated's ongoing investigation. State Farm contends that these questions relate solely to the spoliation, but the undersigned disagrees. Federated has a claim against Mazda, and it is going to have to survive a motion for summary judgment (about which the undersigned expresses no opinion) and convince a jury that Mazda was at fault in the matter. However, Federated will be at a distinct, indeed unfair, disadvantage if it cannot at least explain to the court or the jury *why* it cannot produce the vehicle or, if that is the case, a fully documented inspection and investigation of the cause of the fire. State Farm's admission of the foregoing questions, assuming they are admitted, help serve that purpose. If the admissions subsequently hurt State Farm in the spoliation claim, so be it. They would ultimately hurt anyway. At least with this evidence Federated can give a good faith reason why its proof against Mazda is less than perfect. The questions are therefore relevant to Federated's claim, and do not relate solely to the spoliation claim. They should be either admitted or denied.

*Request for Admission Nos. 7, 8, 17, 24 and 25:* Federated asks State Farm questions concerning its expert, Tom Nixon, including his communication with Federated and its desire to inspect the subject vehicle, and, in part, his opinion of the cause of the fire (No. 17).

State Farm asserts that Mr. Nixon is a retained, non-testifying expert, whose opinions are not subject to being discovered. To the extent that State Farm is asked to disclose Mr. Nixon's opinion, that is correct. However, only No. 17 asks for his opinion. The others go to State Farm's knowledge of Federated's need to inspect the subject vehicle. State Farm should therefore be required to either admit or deny Nos. 7, 8, 24 and 25.

*Requests for Admission Nos. 10, 13-15, 20-22:* These requests go to State Farm's handling of the subject vehicle after the fire. Nos. 10, 13-14, and 20 ask State Farm to admit that it removed the vehicle from the Quality Imports' premises, did not pay Federated any storage fees, hired a salvage or towing company to remove the subject vehicle, and that it was removed before Federated completed its investigation. As explained above (see discussion on Requests for Production Nos. 1-5), these requests do not go solely to the spoliation claim and should be answered. The remaining requests go to State Farm having disposed of the car knowing that Federated did not want it to, and without clearing it with Federated. These questions deal solely with the spoliation claim, the questions need not be answered.

*6 Accordingly, it is ordered as follows:

1. Federated's motion to compel as to Mazda (doc. 43) is DENIED.

2. Federated's motion to compel as to State Farm (doc. 44) is GRANTED in part and DENIED in part, as set out above.

3. State Farm shall answer the required interrogatories and requests for production within ten (10) days. It shall admit or deny the required requests for admission within five (5) days.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 2583051 (N.D.Fla.)
**(Cite as: Not Reported in F.Supp.2d, 2006 WL 2583051 (N.D.Fla.))**

DONE AND ORDERED at Pensacola, Florida this 5th day of September, 2006.

N.D.Fla.,2006.
Federated Mut. Ins. Co. v.Mazda Motor of America, Inc.
Not Reported in F.Supp.2d, 2006 WL 2583051 (N.D.Fla.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.