UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID F. ERTMAN and JANE E. ERTMAN, <br><br> Plaintiffs, <br><br> - versus - <br><br> R. J. REYNOLDS TOBACCO COMPANY, <br><br> Defendant. | 3:01 CV 1090 (WWE) <br><br><br> JULY 2, 2008 |

**DECLARATION OF COUNSEL PURSUANT TO LOCAL RULE 37 AND IN SUPPORT OF DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO DETERMINE SUFFICIENCY OF <u>OBJECTIONS TO PLAINTIFFS' REQUESTS TO ADMIT</u>**

Amanda S. Jacobs, pursuant to 28 U.S.C. § 1746 declares and says:

1. I am an attorney in the law firm of Jones Day, co-counsel for defendant R.J. Reynolds Tobacco Company ("Reynolds") in the above-captioned matter. I submit this declaration pursuant to Local Civil Rule 37(a), and in support of Reynolds' Opposition To Plaintiffs' Motion To Determine Sufficiency Of Objections To Plaintiffs' Requests To Admit.

2. The first part of this declaration sets forth Reynolds' good faith efforts to resolve this dispute. The second part of this declaration attaches copies of various documents referenced in the accompanying Opposition.

A.      **Local Civil Rule 37 Declaration:**

3.      On June 20, 2008, I had a telephone conversation with Plaintiffs' counsel, Marilyn Ramos, in which I stated that Reynolds would supplemental its answers to Plaintiffs' Requests to Admit after completing three steps: (i) examining the pathology relied upon by Plaintiffs' expert, Dr. Feingold, (ii) deposing Dr. Feingold, and (iii) designating Reynolds' medical experts, provided that Plaintiffs agreed that Reynolds would be able to serve an equal number of Requests upon Plaintiffs.

4.      On June 20, 2008, I received an email from Plaintiffs' counsel, Marilyn Ramos, advising me that she intended to file a motion to compel Reynolds' supplemental responses to Plaintiffs' Requests to Admit. A true and correct copy of this email is attached as Exhibit 7.

5.      On June 21, 2008, I sent an email to Plaintiffs' counsel, Marilyn Ramos, which asked her to reconsider Reynolds' offer to answer Plaintiffs' Requests to Admit after completing three steps: (i) examining the pathology relied upon by Plaintiffs' expert, Dr. Feingold, (ii) deposing Dr. Feingold, and (iii) designating Reynolds' medical experts, provided that Plaintiffs agreed that Reynolds would be able to serve an equal number of Requests upon Plaintiffs. Attached as Exhibit 8 is a true and correct copy of this email.

6.      On June 23, 2008, I sent a letter to Plaintiffs' counsel, Marilyn Ramos, which once again set forth Reynolds' offer to answer Plaintiffs' Requests to Admit after (i) examining the pathology relied upon by Plaintiffs' expert, Dr. Feingold, (ii) deposing Dr. Feingold, and (iii) designating Reynolds' medical experts, provided that Plaintiffs agreed that Reynolds would be able to serve an equal number of Requests upon Plaintiffs. Attached as Exhibit 9 is a true and correct copy of this letter.

**B.      Documents Referenced In Accompanying Memorandum**

7.      Attached as Exhibit 1 is a true and correct copy of Reynolds' Memorandum Of Law In Support Of Its Motion To Compel Production Of Pathology Material Considered By Plaintiffs' Expert, Dr. Allan Feingold, Or Alternatively, To Preclude Dr. Feingold's Pathology Testimony, which was filed in this Court on June 9, 2008.

8.      Attached as Exhibit 2 is a true and correct copy of the parties' Joint Stipulation and Proposed Order Regarding Transfer and Use of Pathology Slides, so ordered by this Court on November 29, 2007.

9.      Attached as Exhibit 3 is a true and correct copy of Dr. Allan Feingold's supplemental expert report, which was served upon Reynolds on March 7, 2008.

10.     Attached as Exhibit 4 is a true and correct copy of a letter from Reynolds' counsel, Mark Seiden, to Plaintiffs' counsel, David Golub, dated March 17, 2008.

11.     Attached as Exhibit 5 is a true and correct copy of an email from Reynolds' counsel, Amanda Jacobs, to Plaintiffs' counsel, Marilyn Ramos, dated March 19, 2008.

12.     Attached as Exhibit 6 is a true and correct copy of Reynolds' Responses to Plaintiffs' Requests to Admit, dated May 1, 2008.

13.     I declare under penalty of perjury that the foregoing is true and correct.

Dated:  July 2, 2008
        Cleveland, OH

                                        /s/ Amanda S. Jacobs_____
                                        Amanda S. Jacobs (phv01922)