UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

-----------------------------------------------------------------

| | |
|---|---|
| **DAVID F. ERTMAN AND** | |
| **JANE E. ERTMAN,** | : |
| | : |
| **Plaintiffs,** | : |
| | : **CIVIL ACTION NO.** |
| **v.** | : **3:01 CV 1090 (WWE)** |
| | : |
| **R.J. REYNOLDS TOBACCO COMPANY,** | : |
| | : **MAY 1, 2008** |
| **Defendant.** | : |

-----------------------------------------------------------------

## DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S RESPONSES TO PLAINTIFFS' REQUESTS TO ADMIT

Defendant R.J. Reynolds Tobacco Company ("Reynolds"), through counsel, hereby

responds to Plaintiffs David and Jane Ertman's Requests To Admit:

**REQUEST TO ADMIT NO. 1:** There is pathological evidence of metastatic small cell

cancer in lymph node tissue taken from David Ertman during his inpatient stay at Hospital of

Saint Raphael's, which tissue is referenced in the Hospital pathology report dated June 17, 1999

(hereafter "lymph node tissue").

**RESPONSE:** Objection. This Request is untimely. Under the Court's scheduling

order, the deadline for written fact discovery was September 20, 2007—more than half a year

ago. Plaintiffs did not seek leave of Court to serve these Requests out of time and thus have no

authority to serve them. Reynolds has no obligation to respond to improper discovery. The only

discovery that remains to be conducted in this case are depositions and discovery of certain

previously-noticed 30(b)(6) witnesses, treating physicians, expert witnesses and expert materials.

In addition, Reynolds objects to this Request because it seeks information, data, opinions, or theories of counsel that are protected by the attorney work-product privilege under Rule 26(b)(3) of the Federal Rules of Civil Procedure and related case law.  Furthermore, Reynolds objects to this Request because it seeks facts and opinions held by Reynolds' non-testifying, consulting experts, which are not discoverable under Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure and related case law.  Per agreement of the parties, Reynolds has not yet disclosed its testifying medical experts.  If and when any of Reynolds' testifying experts rely upon, and have any opinions concerning, any pathological evidence of metastatic small cell cancer in David Ertman's lymph node tissue, Reynolds will disclose it in accordance with the Federal Rules of Civil Procedure.  Finally, Plaintiffs have in their possession substantially equivalent pathology tissue from which they can conduct their own testing relating to small cell cancer.  In fact, Plaintiffs' expert states that he has already conducted testing, (*see* Supplemental Expert Report of Dr. Allan Feingold), and despite Reynolds' clear right to discovery under FRCP 26(a)(2), Plaintiff has refused to produce the pathology used in that testing on reasonable terms.  Nonetheless, Plaintiffs cannot show exceptional circumstances under which it is impracticable for them to obtain facts or opinions on the same subject by other means.  (*See* FRCP 26(b)(4)(B).)

**REQUEST TO ADMIT NO. 2:**  There is pathological evidence of metastatic small cell cancer in David Ertman's lymph node tissue which defendant R.J. Reynolds Tobacco Company received from the Hospital of St. Raphael's in accordance with the Joint Stipulation and Order Regarding Transfer and use of Pathology Slides entered by the Court in this case on November 29, 2007.

**RESPONSE:** Objection. This Request is untimely. Under the Court's scheduling order, the deadline for written fact discovery was September 20, 2007—more than half a year ago. Plaintiffs did not seek leave of Court to serve these Requests out of time and thus have no authority to serve them. Reynolds has no obligation to respond to improper discovery. The only discovery that remains to be conducted in this case are depositions and discovery of certain previously-noticed 30(b)(6) witnesses, treating physicians, expert witnesses and expert materials. In addition, Reynolds objects to this Request because it seeks information, data, opinions, or theories of counsel that are protected by the attorney work-product privilege under Rule 26(b)(3) of the Federal Rules of Civil Procedure and related case law. Furthermore, Reynolds objects to this Request because it seeks facts and opinions held by Reynolds' non-testifying, consulting experts, which are not discoverable under Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure and related case law. Per agreement of the parties, Reynolds has not yet disclosed its testifying medical experts. If and when any of Reynolds' testifying experts rely upon, and have any opinions concerning, any pathological evidence of metastatic small cell cancer in David Ertman's lymph node tissue, Reynolds will disclose it in accordance with the Federal Rules of Civil Procedure. Finally, Plaintiffs have in their possession substantially equivalent pathology tissue from which they can conduct their own testing relating to small cell cancer. In fact, Plaintiffs' expert states that he has already conducted testing, (*see* Supplemental Expert Report of Dr. Allan Feingold), and despite Reynolds' clear right to discovery under FRCP 26(a)(2), Plaintiff has refused to produce the pathology used in that testing on reasonable terms. Nonetheless, Plaintiffs cannot show exceptional circumstances under which it is impracticable for them to obtain facts or opinions on the same subject by other means. (*See* FRCP 26(b)(4)(B).)

CLI-1612418v1

W10D20810

**REQUEST TO ADMIT NO. 3**:   There is pathological evidence from Chromogranin-A staining of David Ertman's lymph node tissue that Mr. Ertman had small cell lung cancer.

**RESPONSE**:   Objection.  This Request is untimely.  Under the Court's scheduling order, the deadline for written fact discovery was September 20, 2007—more than half a year ago.  Plaintiffs did not seek leave of Court to serve these Requests out of time and thus have no authority to serve them.  Reynolds has no obligation to respond to improper discovery.  The only discovery that remains to be conducted in this case are depositions and discovery of certain previously-noticed 30(b)(6) witnesses, treating physicians, expert witnesses and expert materials. In addition, Reynolds objects to this Request because it seeks information, data, opinions, or theories of counsel that are protected by the attorney work-product privilege under Rule 26(b)(3) of the Federal Rules of Civil Procedure and related case law.  Furthermore, Reynolds objects to this Request because it seeks facts and opinions held by Reynolds' non-testifying, consulting experts, which are not discoverable under Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure and related case law.  Per agreement of the parties, Reynolds has not yet disclosed its testifying medical experts.  If and when any of Reynolds' testifying experts rely upon, and have any opinions concerning, any pathological evidence of small cell lung cancer from Chomogranin-A staining, Reynolds will disclose it in accordance with the Federal Rules of Civil Procedure.  Finally, Plaintiffs have in their possession substantially equivalent pathology tissue from which they can conduct their own Chromagranin-A staining.  In fact, Plaintiffs' expert states that he has already conducted testing, (*see* Supplemental Expert Report of Dr. Allan Feingold), and despite Reynolds' clear right to discovery under FRCP 26(a)(2), Plaintiff has refused to produce the pathology used in that testing on reasonable terms.  Nonetheless, Plaintiffs

CLI-1612418v1

W10D20811

cannot show exceptional circumstances under which it is impracticable for them to obtain facts
or opinions on the same subject by other means. (*See* FRCP 26(b)(4)(B).)

**REQUEST TO ADMIT NO. 4**: There is pathological evidence from TTF-1 staining of
David Ertman's lymph node tissue that Mr. Ertman's cancer was a primary pulmonary
malignancy.

**RESPONSE**: Objection. This Request is untimely. Under the Court's scheduling
order, the deadline for written fact discovery was September 20, 2007—more than half a year
ago. Plaintiffs did not seek leave of Court to serve these Requests out of time and thus have no
authority to serve them. Reynolds has no obligation to respond to improper discovery. The only
discovery that remains to be conducted in this case are depositions and discovery of certain
previously-noticed 30(b)(6) witnesses, treating physicians, expert witnesses and expert materials.
In addition, Reynolds objects to this Request because it seeks information, data, opinions, or
theories of counsel that are protected by the attorney work-product privilege under Rule 26(b)(3)
of the Federal Rules of Civil Procedure and related case law. Furthermore, Reynolds objects to
this Request because it seeks facts and opinions held by Reynolds' non-testifying, consulting
experts, which are not discoverable under Rule 26(b)(4)(B) of the Federal Rules of Civil
Procedure and related case law. Per agreement of the parties, Reynolds has not yet disclosed its
testifying medical experts. If and when any of Reynolds' testifying experts rely upon, and have
any opinions concerning, any pathological evidence of small cell lung cancer from TTF-1
staining, Reynolds will disclose it in accordance with the Federal Rules of Civil Procedure.
Finally, Plaintiffs have in their possession substantially equivalent pathology tissue from which
they can conduct their own TTF-1 staining. In fact, Plaintiffs' expert states that he has already
conducted testing, (*see* Supplemental Expert Report of Dr. Allan Feingold), and despite

W10D20812

Reynolds' clear right to discovery under FRCP 26(a)(2), Plaintiff has refused to produce the pathology used in that testing on reasonable terms. Nonetheless, Plaintiffs cannot show exceptional circumstances under which it is impracticable for them to obtain facts or opinions on the same subject by other means. (*See* FRCP 26(b)(4)(B).)

**REQUEST TO ADMIT NO. 5:** There is pathological evidence from immunohistochemical staining of David Ertman's lymph node tissue that Mr. Ertman had a primary pulmonary small cell cancer.

**RESPONSE:** Objection. This Request is untimely. Under the Court's scheduling order, the deadline for written fact discovery was September 20, 2007—more than half a year ago. Plaintiffs did not seek leave of Court to serve these Requests out of time and thus have no authority to serve them. Reynolds has no obligation to respond to improper discovery. The only discovery that remains to be conducted in this case are depositions and discovery of certain previously-noticed 30(b)(6) witnesses, treating physicians, expert witnesses and expert materials. In addition, Reynolds objects to this Request because it seeks information, data, opinions, or theories of counsel that are protected by the attorney work-product privilege under Rule 26(b)(3) of the Federal Rules of Civil Procedure and related case law. Furthermore, Reynolds objects to this Request because it seeks facts and opinions held by Reynolds' non-testifying, consulting experts, which are not discoverable under Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure and related case law. Per agreement of the parties, Reynolds has not yet disclosed its testifying medical experts. If and when any of Reynolds' testifying experts rely upon, and have any opinions concerning, any pathological evidence of small cell lung cancer from immunohistochemical staining, Reynolds will disclose it in accordance with the Federal Rules of Civil Procedure. Finally, Plaintiffs have in their possession substantially equivalent pathology

CLI-1612418v1

W10D20813

tissue from which they can conduct their own immunohistochemical staining.  In fact, Plaintiffs'

expert states that he has already conducted testing, (*see* Supplemental Expert Report of Dr. Allan

Feingold), and despite Reynolds' clear right to discovery under FRCP 26(a)(2), Plaintiff has

refused to produce the pathology used in that testing on reasonable terms.  Nonetheless, Plaintiffs

cannot show exceptional circumstances under which it is impracticable for them to obtain facts

or opinions on the same subject by other means.  (*See* FRCP 26(b)(4)(B).)

**REQUEST TO ADMIT NO. 6**:   Prior to Mr. Ertman's diagnosis of lung cancer at

Hospital of St. Raphael's in June 1999, Mr. Ertman suffered from paraneoplastic neurological

disease.

**RESPONSE**:   Objection.  This Request is untimely.  Under the Court's scheduling

order, the deadline for written fact discovery was September 20, 2007—more than half a year

ago.  Plaintiffs did not seek leave of Court to serve these Requests out of time and thus have no

authority to serve them.  Reynolds has no obligation to respond to improper discovery.  The only

discovery that remains to be conducted in this case are depositions and discovery of certain

previously-noticed 30(b)(6) witnesses, treating physicians, expert witnesses and expert materials.

In addition, Reynolds objects to this Request because it seeks information, data, opinions, or

theories of counsel that are protected by the attorney work-product privilege under Rule 26(b)(3)

of the Federal Rules of Civil Procedure and related case law.  Furthermore,  Reynolds objects to

this Request because it seeks facts and opinions held by Reynolds' non-testifying, consulting

experts, which are not discoverable under Rule 26(b)(4)(B) of the Federal Rules of Civil

Procedure and related case law.  Per agreement of the parties, Reynolds has not yet disclosed its

testifying medical experts.  If and when any of Reynolds' testifying experts rely upon, and have

CLI-1612418v1

W10D20814

any opinions concerning, whether Mr. Ertman suffered from paraneoplastic neurological disease, Reynolds will disclose it in accordance with the Federal Rules of Civil Procedure.

**REQUEST TO ADMIT NO. 7:**   In June 1999, serum taken from Mr. Ertman by Hospital for St. Raphael's was found by Dr. Steven Vernino of the Mayo Clinic in Rochester, Minnesota, to contain high titer type 1 anti-neuronal nuclear autoantibodies (ANNA-1, also known as "Hu").

**RESPONSE:**   Objection.  This Request is untimely.  Under the Court's scheduling order, the deadline for written fact discovery was September 20, 2007—more than half a year ago.  Plaintiffs did not seek leave of Court to serve these Requests out of time and thus have no authority to serve them.  Reynolds has no obligation to respond to improper discovery.  The only discovery that remains to be conducted in this case are depositions and discovery of certain previously-noticed 30(b)(6) witnesses, treating physicians, expert witnesses and expert materials. Reynolds also objects to the word "high" on the ground that it is Plaintiffs' own subjective term and is vague.  In addition, Reynolds objects to this Request because it seeks information, data, opinions, or theories of counsel that are protected by the attorney work-product privilege under Rule 26(b)(3) of the Federal Rules of Civil Procedure and related case law.  Furthermore, Reynolds objects to this Request because it seeks facts and opinions held by Reynolds' non-testifying, consulting experts, which are not discoverable under Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure and related case law.  Per agreement of the parties, Reynolds has not yet disclosed its testifying medical experts.  If and when any of Reynolds' testifying experts rely upon Dr. Vernino's treatment and records, and have any opinions concerning whether Mr. Ertman had anti-neuronal nuclear autoantibodies, Reynolds will disclose it in accordance with the Federal Rules of Civil Procedure.  Finally, Mr. Ertman is able to test his own serum for the

presence of any antibodies he desires. In fact, Plaintiffs' expert states that he has already

conducted testing, (*see* Supplemental Expert Report of Dr. Allan Feingold), and despite

Reynolds' clear right to discovery under FRCP 26(a)(2), Plaintiff has refused to produce the

pathology used in that testing on reasonable terms. Nonetheless, Plaintiffs cannot show

exceptional circumstances under which it is impracticable for them to obtain facts or opinions on

the same subject by other means. (*See* FRCP 26(b)(4)(B).)

**REQUEST TO ADMIT NO. 8:** ANNA-1 or "Hu" antibodies in concurrence with lung

cancer is evidence that Mr. Ertman's lung cancer was small cell lung cancer.

**RESPONSE:** Objection. This Request is untimely. Under the Court's scheduling

order, the deadline for written fact discovery was September 20, 2007—more than half a year

ago. Plaintiffs did not seek leave of Court to serve these Requests out of time and thus have no

authority to serve them. Reynolds has no obligation to respond to improper discovery. The only

discovery that remains to be conducted in this case are depositions and discovery of certain

previously-noticed 30(b)(6) witnesses, treating physicians, expert witnesses and expert materials.

In addition, Reynolds objects to this Request because it seeks information, data, opinions, or

theories of counsel that are protected by the attorney work-product privilege under Rule 26(b)(3)

of the Federal Rules of Civil Procedure and related case law. Furthermore, Reynolds objects to

this Request because it seeks facts and opinions held by Reynolds' non-testifying, consulting

experts, which are not discoverable under Rule 26(b)(4)(B) of the Federal Rules of Civil

Procedure and related case law. Per agreement of the parties, Reynolds has not yet disclosed its

testifying medical experts. If and when any of Reynolds' testifying experts have any opinions

concerning whether Mr. Ertman's serum was positive for ANNA-1 antibodies and whether those

antibodies are evidence of small cell lung cancer, Reynolds will disclose it in accordance with

the Federal Rules of Civil Procedure.


Dated: May 1, 2008                              DEFENDANT R.J. REYNOLDS TOBACCO
                                                COMPANY,


                                        BY: _____
                                            Mark A. Belasic
                                            Amanda Snyder Jacobs
                                            Jones Day
                                            North Point
                                            901 Lakeside Avenue
                                            Cleveland, OH  44114-1190
                                            Telephone:    (216) 586-3939
                                            Facsimile:    (216) 579-0212

                                            Mark  R. Seiden
                                            222 East 41st Street
                                            New York, New York  10017
                                            Telephone:    (212) 326-3939
                                            Facsimile:    (212) 755-7306

                                            David Thomas Ryan
                                            Robinson & Cole
                                            280 Trumbull Street
                                            Hartford, CT  06103
                                            Telephone:    (860) 275-8258
                                            Facsimile:    (860) 275-8299

CLI-1612418v1

W10D20817

**CERTIFICATION**

This is to certify that a copy of the foregoing has been sent via facsimile and mailed, postage prepaid, this 1st day of May, 2008 to:

David Golub
Marilyn Ramos
Craig Yankwitt
Jonathan Levine
Silver Golub & Teitell
184 Atlantic Street
Stamford, CT 06901

Amanda S. Jacobs

CLI-1612418v1

W10D20818