

| | | |
|---|---|---|
| **Amanda S Jacobs**/JonesDay<br>Extension 6-1168<br>06/21/2008 04:23 PM | To | "Marilyn Ramos- Silver Golub & Teitell"<br><mramos@sgtlaw.com> |
| | cc | |
| | bcc | Mark A. Belasic/JonesDay@JonesDay; Mark R. Seiden/JonesDay@JonesDay |
| | Subject | Re: Ertman & Izzarelli |

Marilyn,

I just want to make sure that you fully understand our position and the proposal that I made to you yesterday. As we discussed on the phone yesterday, even though we believe written fact discovery is closed, we agree to answer your Requests To Admit after we've had the opportunity to review (in advance of his deposition) the pathology material that Dr. Feingold relies upon, after we've taken Dr. Feingold's deposition, and after we've designated our medical experts. We also asked that we be given equal numbers of Requests To Admit in each case. You have refused our offer.

Your Requests To Admit ask us to admit several things about pathology and pathology testing. As you know, (and as you have agreed), we have not yet designated our medical experts. Thus, any pathology opinions that we (or our consultants) currently have is protected work product. You are not entitled to discovery of our (or our consultants') pathology opinions and/or testing until we designate experts who rely upon such pathology. *See* FRCP 26(a)(2)(B) and 26(b)(3), (4). Of course, once we designate medical experts who state that they considered or relied upon pathology and/or pathology testing, we will disclose and produce that material in accordance with the Rules; and moreover, we agree to answer your Requests To Admit at that time.

We have not been able to designate our medical experts, however, because you have refused to produce the pathology material that your expert, Dr. Feingold, relies upon in advance of his deposition. Because of your refusal, we have not been able to take Dr. Feingold's deposition and our experts have not been able to finalize their opinions.

It's ironic that, on the one hand, you're asking <u>us</u> to disclose <u>our</u> pathology opinions and any pathology testing that we've conducted (even <u>before</u> we've designated any experts on pathology), but on the other hand, when we asked <u>you</u> to produce the pathology that <u>your designated expert</u>, Dr. Feingold, expressly relies upon, you have refused.

Again, I ask that you reconsider our proposal.

Thanks. Feel free to call me to discuss.

Amanda

*****************************************
Amanda Snyder Jacobs, Esq.
JONES DAY
901 Lakeside Avenue, North Point
Cleveland, Ohio  44114-1190
Tel:  (216) 586-1168
Fax:  (216) 579-0212
asjacobs@jonesday.com
*****************************************

"Marilyn Ramos- Silver Golub & Teitell" <mramos@sgtlaw.com>



| | | |
|---|---|---|
| **"Marilyn Ramos- Silver Golub & Teitell"** | To | "Amanda S Jacobs" <asjacobs@jonesday.com> |



&lt;mramos@sgtlaw.com&gt;

06/20/2008 06:06 PM

cc

Subject   Ertman & Izzarelli

Hi Amanda,

I wanted to advise you that I will be filing a Motion on Monday in both cases to resolve the parties' dispute over the Requests to Admit.

Marilyn J. Ramos, Esq.
Silver Golub & Teitell LLP
184 Atlantic Street
Stamford, CT 06901

Phone:  203-325-4491
Fax:  203-325-3769
mramos@sgtlaw.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========