# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

KUHNE, ADMINISTRATOR OF
THE ESTATE OF DAVID
and JANE ERTMAN,

3:01cv1090 (WWE)

v.

R.J. REYNOLDS TOBACCO
COMPANY

Ruling on Motion to Dismiss

Defendant moves to dismiss plaintiff's claim of breach of express warranty and improper marketing and promotion theories for failure to meet the heightened pleading standard for Federal Rule of Civil Procedure 9(b). Plaintiff maintains that its pleading satisfies the purposes of Rule 9(b) and that its claims are not subject to the heightened pleading standard.

The purpose of Rule 9(b)'s heightened pleading requirement is: (1) to ensure that a complaint provides defendant with fair notice of plaintiff's claim; (2) to safeguard defendant's reputation from improvident charges; and (3) to protect defendant from a strike suit. O'Brien v. Nat'l Prop. Analysts Partners, 936 F.2d 674, 676 (2d Cir. 1991).

Here, the facts concerning plaintiff's breach of warranty and improper marketing allegations are based upon the facts proven against defendant in United States v. Philip Morris USA, Inc., 449 F. Supp. 2d 1 (D.D.C 2006). Accordingly, plaintiff's allegations provide defendant with fair notice of the claim and do not expose defendant to improvident charges or a strike suit. In light of the circumstances of this case, the purposes of Rule 9(b)'s heightened pleading is not implicated. The basis of plaintiff's

breach of warranty and improper marketing have been detailed in Judge Kessler's prior decision.  The motion to dismiss is DENIED.

        /s/Warren W. Eginton
        WARREN W. EGINTON
        SENIOR U.S. DISTRICT JUDGE

Dated this 21st of December, 2017 in Bridgeport, Connecticut.