**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**RUTH HOLLIS KUHNE,**
**ADMINISTRATOR OF THE**
**ESTATE OF DAVID F. ERTMAN**
**and JANE ERTMAN,**                               **3:01cv1090 (WWE)**
    **v.**

**R.J. REYNOLDS**

**RULING ON MOTION TO GIVE PRECLUSIVE EFFECT TO**
**CERTAIN ISSUES RESOLVED AGAINST R.J. REYNOLD TOBACCO**
**COMPANY IN U.S. v. PHILIP MORRIS USA INC. et al.**

In this action, plaintiffs seek to preclude litigation of certain issues found by Judge Gladys Kessler against R.J. Reynolds Tobacco Co. ("Reynolds") in District of Columbia in US. v. Philip Morris USA Inc., et al., 449 F. Supp. 2d 1 (D. D.C. 2006), aff'd in part, vacated in part, 566 F.3d 1095 (D.C. Cir. 2009), cert. denied, 561 U.S. 1025 (2010).

Specifically, plaintiffs assert that the Philip Morris case resolved the following issues against defendant Reynolds: (1) Both before and during the time that Mr. Ertman smoked, Reynolds manipulated cigarette design and composition to assure nicotine delivery levels which create and sustain addiction; and (2) Both before and at the time Mr. Ertman began to smoke, Reynolds deliberately marketed to underage smokers, while falsely denying

1

such marketing.

"Under the doctrine of offensive collateral estoppel, a plaintiff may preclude a defendant from relitigating an issue the defendant has previously litigated and lost to another plaintiff."  Faulkner v. National Geographic Ent. Inc., 409 F.3d 26, 37 (2005).   Plaintiffs argue that the elements of offensive collateral estoppel are satisfied: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits. Id.   The Supreme Court has cautioned that courts should exercise their discretion in applying offensive collateral estoppel to ensure that its use would not be unfair to defendants.  Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 329 (1979).

Plaintiffs maintain that they should not have to establish these two issues that are relevant to proving design decisions, duty of care, breach of duty and the appropriateness of punitive damages in light of Judge Kessler's order, requiring that defendant Reynolds publish a "corrective" statement that it intentionally designed cigarettes to make them more addictive.

Most recently, in Bifolck v. Philip Morris, Inc, this Court denied a similar

motion for application of offensive collateral estoppel.  In that case, Judge Underhill remarked that Judge Kessel had made "hundreds of findings," and to find that "any one two, twenty or one hundred of them were necessary to the Court's ruling becomes impossible to figure out."  Judge Underhill went on to discuss the infeasibility of applying findings from a civil Rackeeter Influenced and Corrupt Organizations Act action to a Connecticut Products Liability Act action.  On this motion, the Court also notes that Judge Kessler's case was tried to the bench, while the instant case will be tried to a jury.

The Court will deny the motion to give preclusive effect because it is more appropriate for a jury to consider the evidence presented according to Connecticut law; and additionally, for the reasons articulated by Judge Underhill in <u>Bifolck</u>.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to give preclusive effect [doc. 231] is DENIED.

Dated this 19th day of July, 2017 at Bridgeport, Connecticut.

<u>/s/Warren W. Eginton</u>

3

                                      Warren W. Eginton  
                                      Senior U.S. District Judge